## DAVID RANDALL v. JOHN PRYOR.

The statutory provision that a decree for a deed may be made operate as a conveyance does not take away the jurisdiction of the court to enforce the execution of a conveyance by process of attachment.

MOTION to discharge a rule taken upon the defendant to show cause why process of contempt should not be issued against him; and was adjourned for decision from the county of Belmont.

It appeared, that at the October term of this court, 1829, a final decree, in chancery, was rendered against Pryor, and in favor of Randall, by which, among other things, it was decreed that Pryor, within thirty days thereafter, should execute and deposit with the clerk, for the benefit of Randall, a deed of release in fee simple, for certain lands, with covenants of special warranty. Pryor having neglected and refused to comply with this decree, a rule was taken upon him at the May term of this court, 1830, to show cause why an attachment should not issue against him for contempt. Upon this rule Pryor appeared and submitted the present motion.

There was no argument in favor of the motion.

HUBBARD and JOHNSTON, contra:

1. The court have so decreed.

2. By a specific execution of the decree, Randall would have a conveyance which could, without question, be admitted to record, and by which, in due form of law, *notice should be given [425 to the world of his title. Rev. Code, 283.

3. Randall must otherwise incur the expense of the chancery record.

4. Randall, upon a failure of title, would have a more beneficial and direct remedy upon the covenants.

5. Randall has a right to the performance of the decree, and the court having the power,. will, in respect of its own dignity, enforce the decree. Const., art. 3, sec. 1; Rev. Code, 15, secs. 1, 2, 40, 42; 1 New Prac., ch. 3, sec. 1; Harrison Ch. 199, 201.

By the COURT:

There is no doubt of the general power of the court, to enforce its decrees by attachment. The statute, vol. xxii. 80, sec. 40, gives this power in so many words. The only question is, whether the legislative provision, making a decree for the conveyance operate *per se*, as a conveyance, does not take away the power of the court to enforce the specific execution of such a decree by attachment.

It was not the intention of the legislature to discharge the party, against whom such a decree might be rendered, from the actual execution of the deed. The provision was not intended for the benefit of the party, who had agreed to execute a conveyance, and who, by neglect or refusal, compelled the other party to resort to a court of equity for a specific performance. The object of the legislature was, to furnish an adequate remedy, in that class of cases, where the procedings were *in rem*, and where the court could not enforce personal obedience to its decrees, for want of jurisdiction over the person. It is true that the provision in question embraces all cases where a decree for a conveyance is rendered; but the party has an option, either to rely upon the decree, as a conveyance, by act and operation of law, or to enforce the actual execution of a deed, where the person of the defendant is within the jurisdiction of the court.

Whether in the event of a failure of title, the remedy of a grantee would not be more plain and simple upon a deed with covenants, than upon a decree, the court do not intend to intimate 426] an opinion. The general power of the court to *enforce its decrees, is not limited by any statutory provisions; and we see no reason, in this case, why it should not be exercised.

Motion to discharge is overruled.