## DOE, ETC., *v.* THE STATE OF OHIO.

*Criminal law — Larceny of automobile — Section 12448, General Code — Verdict to fix value of property — Section 13691, General Code — Charge to jury — Possession as prima facie evidence of larceny.*

1. Upon conviction of one charged with stealing an automobile in violation of Section 12448, General Code, it is essential for the verdict to state the value of the property stolen, as provided in Section 13691, General Code, and a failure so to do constitutes reversible error.

2. It is prejudicial error for the trial court, in a prosecution for larceny, to charge the jury that the unexplained possession of property recently stolen constitutes, in law, *prima facie* evidence of larceny.

(Decided May 16, 1921.)

ERROR: Court of Appeals for Warren county.

*Messrs. Bickley & Bickley* and *Mr. W. G. Thompson,* for plaintiff in error.

*Mr. F. M. Cunningham,* prosecuting attorney, for defendant in error.

BUCHWALTER, J.   The plaintiff in error, John Doe, *alias* George Johnson, *alias* George Jacobs, was indicted and tried on the charge of stealing an automobile, in violation of Section 12448, General Code of Ohio.

It appears that the automobile of Douglas Hollingsworth was removed from the place where he had parked it in the city of Lebanon, upon discovery of which Hollingsworth, together with the marshal of Lebanon and one Paul Fisher, began a search for it.  They discovered it in an alley, and saw the defendant in the front seat at the steering wheel.

As they were turning around to drive into the alley, the defendant drove out of the alley. After getting a few blocks away, he jumped out, leaving the engine running, and endeavored to make his escape on foot, but was captured. He gave as his excuse that he was endeavoring to make his escape because he had purchased a tire which he feared might have been stolen, but that he had no intention of stealing Hollingsworth's machine.

The jury found the defendant guilty, as charged in the indictment, but made no finding as to the value of the automobile. The court overruled the motion for a new trial, and entered judgment on the verdict. It is to reverse this judgment, that error is prosecuted here.

The errors complained of are:

That the jury did not fix any value in its verdict.

Error in the court's charge to the jury.

That the evidence was insufficient to warrant a verdict of guilty.

That there was error in overruling certain challenges for cause in the empaneling of the jury.

Section 13691, General Code, provides:

"When an indictment charges an offense against property by larceny, embezzlement or obtaining it by false pretense, the jury on conviction, shall ascertain and declare in their verdict the value of such property."

The third proposition of the syllabus in *Armstrong* v. *State,* 21 Ohio St., 357, reads as follows:

"The provision of the 167th section of the code of criminal procedure, which requires the jury, on conviction of 'an offense against the property of

another by larceny,' etc., to 'ascertain and declare in their verdict the value of the property stolen,' applies to the offense of horse stealing under the 27th section of the 'act providing for the punishment of crimes;' and, in a prosecution under that section, where the jury return a general verdict of guilty, without stating the value of the property stolen, judgment rendered on such verdict will be reversed on error for the insufficiency of the verdict."

The last section referred to in above quotation is now Section 12448, General Code, and includes automobile stealing. The rule pronounced in the above case governs in this case, and it is essential for the verdict to state the value of the property stolen. The same reasoning is adopted in *Holmes* v. *State,* 58 Neb., 297, wherein the *Armstrong case* is quoted, and the reasoning of the court fully set out. This provision as to the verdict ascertaining and declaring the value of the property being mandatory, it was error for the trial court to overrule the motion for a new trial and enter judgment on the verdict.

It was also contended that the following language used in the charge was erroneous:

"It is for you to determine from the evidence whether or not this defendant ever, at any time, had possession of this automobile, and if you so determine, and you determine that said defendant had possession of said automobile shortly after it was stolen, you are instructed that the unexplained possession of property which has been recently stolen constitutes, in law, prima facie evidence of larceny, and in this case the unexplained possession of the

automobile shortly after it had been stolen would constitute, in law, prima facie evidence of the stealing of the automobile and may be sufficient to warrant the jury in inferring that a person charged with the crime of larceny is guilty thereof."

In the case of *Methard* v. *State,* 19 Ohio St., 363, the third proposition of the syllabus is:

"The facts that a building was burglariously entered, goods stolen therefrom, and the possession by the accused soon thereafter of the goods stolen, are competent evidence to go to the jury, and with other circumstances indicative of guilt, such as giving a false account, or refusing to give any account, of the manner in which, or the means by which, he came into possession of the stolen goods, may afford a strong *presumption of fact* of the guilt of the accused, and warrant the jury in finding him guilty of both the burglary and larceny. But the facts of burglary, or larceny, and of possession of the stolen goods soon thereafter by the accused, do not, alone, raise a *presumption of law* that he is guilty of both the burglary and larceny."

The better rule, and also the one adopted in the *Methard case,* above, is that the possession of stolen goods is a question of fact to be determined by the jury, as any other link in the chain of circumstantial evidence. Its weight and effect are questions for the jury. It is not a presumption of law, but may afford a strong presumption of fact, and the cases go to the extent of holding that it is such evidence as will sustain a finding of guilty.

The court, in stating that the unexplained possession of property recently stolen constitutes, in

law, *prima facie* evidence of larceny, committed error prejudicial to the defendant.

We find no further error in the record.

For the reasons above set forth, the judgment of the trial court will be reversed, and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.