DURBIN v. THE STATE OF OHIO.

*Criminal law—Embezzlement—Verdict of guilty must set forth amount embezzled—Section 13691, General Code.*

On an indictment ·for embezzlement charging the amount embezzled to be $2,000, a judgment rendered on a general verdict of "guilty as charged in the indictment," without stating the amount embezzled, will be reversed for the insufficiency of the verdict under Section 13691, General Code. (*Dick* v. *State*, 3 Ohio St., 89; *Parks* v. *State*, 3 Ohio St., 101, and *Armstrong* v. *State*, 21 Ohio St., 357, followed. *Schoonover* v. *State*, 17 Ohio St., 294, distinguished.)

(Decided March 24, 1926.)

ERROR: Court of Appeals for Summit county.

*Messrs. Mottinger & Evans*, for plaintiff in error.
*Mr. G. W. Booth*, prosecuting attorney, *Mr. D. H. Schaffner*, and *Mr. Herman E. Werner*, for defendant in error.

FUNK, J.   Plaintiff in error was indicted for embezzling the total sum of $2,000 between November 1, 1922, and December 6, 1924.   The case was tried to a jury, and a general verdict of guilty was returned, the pertinent part of which reads: "Do find that the prisoner at the bar is guilty as charged in the indictment."

The first error complained of is that the verdict of the jury is insufficient and contrary to law, because the jury failed to find the amount embezzled by defendant, as provided in Section 13691, General Code, which reads as follows:

Embezzlement, 20 C. J. § 92.

"When an indictment charges an offense against property by larceny, embezzlement or obtaining it by false pretenses, the jury on conviction, shall ascertain and declare in their verdict the value of such property."

. Section 12467, General Code, defines embezzlement and provides, in substance, that if the total value of the property embezzled in one continuous employment within three years is $35 or more, the accused shall be imprisoned in the penitentiary for a certain period, but that if the total value is less than that amount, he shall only be fined or imprisoned, or both; in other words, if the total amount embezzled is $35 or more, the offense is a felony, and, if less than that amount, it is a misdemeanor. It is thus important to know the amount embezzled —not only to determine the grade of the offense, but also as some indication of the aggravated nature of the offense in that grade.

Counsel for the state argue that since the verdict finds the defendant "guilty as charged in the indictment," this means that the defendant is guilty of embezzling the whole amount charged, or that the amount embezzled is at least more than $35, and that the words, "as charged in the indictment," are a substantial compliance with Section 13691, General Code.

According to established and well-known rules of criminal pleading, an indictment for the highest grade of homicide, larceny, or embezzlement, includes the lower grades and will sustain a verdict for either grade.

It is argued by good authority that a general verdict of guilty under an indictment for the high-

est grade might be said to be a finding of one or the other, but of neither grade in particular, and that the legal presumption of innocence always operating, in the absence of proof to the contrary, would require the judgment to be for the lowest grade of the offense for which it could be rendered under the indictment. In view of this uncertainty, and in view not only of the wide difference in the punishment for the several grades of these offenses but also of the wide discretion of the court in fixing the punishment for offenses in the same grade, it may have been regarded by our Legislature as material to the substantial rights of the defendant that the actual value of the property taken should be ascertained and declared in the verdict, and that it should not be left, as according to respectable authority it might be, to be implied to be the amount stated in the indictment, as is urged by the state in the instant case. It is thus quite apparent that the Legislature must have enacted Section 13691, General Code, in an effort to do away with this uncertainty, and in the interests of substantial justice between the state and the accused. Hence the question: Are the words, "as charged in the indictment," sufficient and a substantial compliance with such sections as Section 13691, General Code?

Fortunately, our Supreme Court has definitely spoken in this matter in a number of decisions. We will call attention only to those bearing directly on such statutes, in their chronological order.

In the case of *State* v. *Town*, Wright, 75, defendant was indicted for murder in the first degree. The jury returned a general verdict of guilty, with-

out specifying in their verdict whether it was murder in the first or second degree, or manslaughter. Under a statute then in force (29 O. L., p. 142, Section 33), providing that in all trials for murder if the verdict be guilty the jury "shall ascertain in their verdict whether it be murder in the first or second degree, or manslaughter," the court on its own motion refused to pass sentence and awarded a new trial.

In the cases of *Dick* v. *State* and *Parks* v. *State,* 3 Ohio St., 89, and 3 Ohio St., 101, which were considered together and decided when the above statute, Section 33, was still in force, the court held that a verdict of "guilty in manner and form as he stands charged in said indictment" was insufficient on an indictment for murder in the first degree, and a new trial was granted in each case. That these cases were very carefully and fully considered is apparent from the arguments of Judges Bartley and Caldwell, respectively, who wrote the opinions for the majority of the court in these two cases, and the dissenting opinion of Judge Ranney, which was concurred in by Judge Thurman, and applied to both cases.

In the case of *Schoonover* v. *State,* 17 Ohio St., 294, the court held:

"On an indictment for larceny, laying the value of the property at four hundred and eighty dollars, a general verdict of guilty implies a finding that the value of the property stolen at least equals thirty-five dollars, and an express finding in the verdict of such value is not necessary."

From a casual reading of this syllabus, it would seem to sustain the contention of the attorneys for

the state. However, a careful reading of the argument of the court discloses that at the time this offense was committed there were two sections concerning theft. One section (1 S. & C., p. 408, Section 18, passed March 7, 1835) provided that if any person steal anything of the value of $35 or upwards, such person "shall be deemed guilty of larceny," and upon a conviction shall be imprisoned in the penitentiary. The other section (1 S. & C., p. 439, Section 157, passed March 9, 1835) provided that if any person steal anything of less value than $35, such person upon a conviction "shall make restitution to the party injured in twofold the value of the property" and be punished by fine or imprisonment, or both.

It will be observed that at that time the offense of stealing anything of the value of $35 and upwards was designated in Section 18 as "larceny," and the stealing of anything of less value than $35 was not so defined, as the word "larceny" is not used at all in Section 157, (although the offense under the former section was known as grand larceny and the offense under the other section was known as petit larceny), and the court in its argument stated that "under the statute these are distinct offenses, though value is made an element of both."

Under our present statute (G. C., Section 12447), the stealing of "anything of value" is defined as larceny, and the penalty fixed, as a felony, for an amount of $35, or more, and, as a misdemeanor, for a less amount; so that the stealing of "anything of value" is now defined as larceny in one section, whether grand or petit. This same

thing is true of embezzlement. Section 12467, General Code.

It will be further observed that at that time there was no Section 13691, nor any substitute therefor, that the case was decided in 1867, and the first law providing that the jury shall ascertain and declare the amount of the property stolen was passed in 1869 (see 66 O. L., p. 312, Section 167, and Section 7315, Revised Statutes), and that the court in commenting on *Dick* v. *State* and *Parks* v. *State, supra,* said, at page 299:

"The distinguishing feature of these cases was, that the statute required the jury, in their verdict, to ascertain the degree of homicide of which the defendants were guilty. All concurred in the opinion, that, in the absence of the statute, the general verdict of guilty would have convicted the defendants of the highest degree of homicide."

From our reading of the arguments of the judges in those two cases, and especially of the argument of Judge Bartley in *Dick* v. *State,* we do not get this same impression concerning the opinion of all the judges in those two cases, in the absence of the statute. However, be that as it may, it is to be noted that at the time *Schoonover* v. *State* was tried there was no such statute concerning larceny, and the court in that case thus distinguished it from *Dick* v. *State* and *Parks* v. *State,* and its reasoning is in accord with them where there is a statute requiring the jury in a verdict of guilty to find any special fact relating to the grade of the crime or the degree of punishment.

In the case of *Armstrong* v. *State,* 21 Ohio St., 357, which was decided in 1871, and after what is

now Section 13691, General Code, became effective, the court held that a general verdict of guilty, without stating the value of the property stolen, was insufficient, and that a judgment thereon would be reversed on error for insufficiency of the verdict.

There are a number of other decisions by our Supreme Court where the question under consideration was whether or not Section 13691, General Code, was applicable to certain other crimes and offenses provided against by the statutes of Ohio, and in none of them in which the above cases were cited was there any hint of the unsoundness of the above decisions, but they were rather referred to with approval.

These decisions therefore show that our Supreme Court, through a long line of decisions and over a long period of years, has uniformly held that a statute providing for the specific finding of a fact by a jury, if the verdict be guilty, must be strictly construed, and that the judgment cannot be looked to to supply a failure to find such fact. In other words, under such a statute, where the verdict is guilty, the words "in manner and form as he stands charged in the indictment" are held to be a mere matter of form, generally added by the clerk, and mere surplusage, without any legal effect, and really adding nothing to the verdict.

It will be further noted that the court in *Armstrong* v. *State, supra,* said at page 360, "But the Code now in force, on this subject, is peremptory," and to hold that the words "as charged in the indictment" are sufficient would be virtually a judicial repeal of this section, and that Judge

Bartley, in the concluding paragraph of his argument in *Dick* v. *State, supra,* says:

"Not only, therefore, is the plain requirement of the statute, but also the weight of authority, as well as the practice, in this state against the correctness of the judgment under consideration in this case."

Hence, whatever may be the rule in other states or the rule in this state in the absence of such a statute, there can be no doubt that our Supreme Court has adopted the rule that a special statute requiring the jury, if the verdict be guilty, to ascertain and declare in their verdict a certain fact in certain cases, must be strictly complied with, and that the grade of the offense will not be implied to be that stated in the indictment where the indictment will sustain a verdict for a lower grade of offense; so that it may now be said that this holding, having been uniformly adopted and adhered to by our Supreme Court from the time the question was originally presented in 1832 to the present time, has now become a settled rule of law in this state.

Counsel for plaintiff in error has cited *Doe* v. *State,* 14 Ohio App., 178, in support of this proposition. Attention is called to the fact that this case has reference to Section 12448, General Code, and thus has little, if any, application to the instant case; and while that court held that Section 13691, General Code, has application to Section 12448, General Code, it will be noted that in the case of *Serra* v. *State,* 14 Ohio App., 252, the Court of Appeals of the Eighth District, in which this county was then located, held that said

Section 13691 does not apply to said Section 12448. The case of *Serra* v. *State* was decided March 26, 1921, and motion to certify the record was overruled by the Supreme Court on May 31, 1921, while *Doe* v. *State* was decided May 16, 1921, and motion to certify the record was overruled by the Supreme Court on January 17, 1922.

We have carefully examined the other errors complained of by counsel for the accused, and find no reversible error in any of them.

For the reasons given, the judgment of the common pleas court will have to be reversed because of the insufficiency of the verdict, and the case remanded to that court for further proceedings according to law.

*Judgment reversed, and cause remanded.*

Pardee, P. J., and Washburn, J., concur.