## STATE v DILLIAN

Ohio Appeals, 9th Dist, Summit Co

No 2778. Decided Dec 15, 1936

Herman E. Werner, Pros. Atty., Akron, and Charles Sacks, Asst. Pros. Atty., Akron, for appellee.

Sheck, Marsteller & Wendelken, Akron, for appellant.

## OPINION

By WASHBURN, J.

Appellant, James A. Dillian, who will be hereinafter referred to as the defendant, was indicted upon two counts charging him with embezzlement of public funds received by him as clerk of the Court of Common Pleas of Summit County, during the period of about three years preceding such indictment.

Upon trial, the jury returned a verdict of guilty on both counts; and, the defendant's motion for a new trial being over-

187

ruled, he was duly sentenced. The matter is now before this court on appeal on questions of law.

We have read and considered the long record in the case and find that there is no substantial dispute in the evidence except as to a few material facts.

The controversy arose out of transactions in the bill of sale department of the clerk's office, which was conducted in quarters in the court house separate from the main offices of the clerk.

From the record there can be no doubt that from the beginning of defendant's two terms of office there was collected from the public, for services rendered in the department by deputies and employees of the clerk, all of whom were employed on salaries paid by the county, sums of money aggregating many thousands of dollars, for which sums no accounting was kept or made, and which money was not turned in to the county treasury. Some of said money was collected from the public for the services of such deputy clerks, performed in said office and while being paid by the county, in preparing bills of sale and other papers filed in said office.

Also from the record there can be no doubt that said moneys were collected by said deputies over the counter, in said department, and placed in the money drawer with fees for filing documents which said clerk was by law charged with the duty of collecting, and that such moneys were not reported to the cashier of the clerk's office nor turned in to the public treasury, although each day there was a report made to such cashier of fees collected for the filing of such documents, and although an amount of money represented by each report was turned over to said cashier and by him deposited in the treasury of the county.

There is a dispute in the evidence as to how such a system came to be followed in said department, but we find that the finding of the jury that, beyond a reasonable doubt the defendant directed his deputies to follow such a system, is not manifestly against the weight of the evidence.

There is also a dispute in the evidence as to whether said moneys as to which no account was kept and no turning over to the cashier was made, were received by the defendant personally and by him appropriated to his own use.

Here again, after a careful consideration of the evidence, we are of the opinion that the finding of the jury that, beyond a reasonable doubt a considerable part of said

moneys was received by the defendant personally and appropriated to his own use, is not manifestly against the weight of the evidence.

We are also of the opinion—there being no conflict in the evidence in reference thereto—that the trial court ▮▮▮▮▮▮ ▮ was right in determining as a matter of law that said moneys so received were public funds, and that the defendant was charged with the duty of turning the same into the county treasury.

Sec 286, GC.

We find also that there was not such misconduct of the prosecuting attorney or the jury as constituted prejudicial error, and we find no prejudicial error in the charge of the court or in the introduction or rejection of evidence.

There remains the claim that the record discloses prejudicial error because "the verdict of the jury is in form and substance inadequate, insufficient and contrary to law, and was accepted in its incomplete, inadequate and insufficient form by the court over seasonable objection and exception by the defendant."

The indictment in the first count charged the defendant with converting to his own use certain money which came into his possession by virtue of his election to said office, "the exact amount of which is unknown, but which amount was more than thirty-five dollars ($35), to-wit, approximately three thousand dollars," and the second count is in exactly the same language except the approximate amount stated is five thousand dollars.

Sec 12876, GC, defines the crime charged in the indictment and prescribes the penalty as follows:

"* * * if the total value of the property embezzled in the same continuous employment or term of office, whether embezzled at one time or at different times within three years prior to the inception of the prosecution, is **thirty-five dollars or more,** shall be imprisoned in the penitentiary not less than one year nor more than ten years, or, if such total value is **less than thirty-five dollars,** shall be fined not more than two hundred dollars or imprisoned not more than thirty days, or both."

Sec 13448-3, GC, provides that:

"When an indictment or information charges an offense against property by * * * embezzlement, * * * in case the value thereof shall determine the degree of the offense, or shall determine the punishment, the jury, on conviction shall ascertain and declare in their verdict the value of such property."

The court charged the jury that:

"If you find the defendant guilty of embezzlement in this case, as charged in the indictment, it will then be your duty to determine the amount of money which you find he embezzled, if you find that he did embezzle money, and enter the amount in the verdict."

The form of verdict furnished to the jury by the court, and which was thereafter used by the jury in returning the verdict, was, in part, as follows:

"And we do find the amount of money embezzled in the first count at $........ Dollars, and we find the amount embezzled under the second count at $......Dollars."

and the jurors wrote into each of the above blank spaces in said verdict the following: "(over $35.00) over thirty-five."

Upon the return of the verdict, counsel for the defendant requested that the jury be polled, and such request was complied with; and then one of counsel for the defendant stated to the court: "I want to make an objection to receiving the verdict in its present form, and except to the court receiving the verdict in its present form."

The question is, was it prejudicial error for the court to receive said verdict?

The substance of §13448-3, GC, was first enacted in May, 1869 (66 O.L., 312, §167), and previous to that time the punishment for embezzlement depended upon the value of the thing embezzled, and the punishment for larceny likewise depended upon the value of the thing stolen; and the Supreme Court held that a general verdict of guilty of larceny "implies a finding that the value of the property stolen at least equals thirty-five dollars, and an express finding in the verdict of such value is not necessary."

(Schoonover v State, 17 Oh St 294).

That was in 1867; and thereafter, in 1869, the legislature provided that "When the indictment charges an offense against the property of another by larceny, embezzlement, or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict, the value of the property stolen, embezzled or falsely obtained."

After said statute was enacted, the Supreme Court held that in a prosecution in

a case coming within the statute "where the jury return a general verdict of guilty, without stating the value of the property stolen, judgment rendered on such verdict will be reversed on error for the insufficiency of the verdict." (**Armstrong v State, 21 Oh St 357**).

We are of the opinion that it is the settled law of Ohio that, in cases ▮▮▮▮▮▮ falling within said statute and the amendments thereto, a verdict which is silent as to the value of the property stolen, etc., is insufficient.

**Durbin v State, 20 Oh Ap 284, (4 Abs 502).**

The verdict in the instant case is not silent as to the value of the property embezzled.

Is it sufficiently certain to comply with the requirements of §13448-3, GC?

It seems to us that the principal object and purpose of the legislature in enacting said section is easy to be seen and comprehended. Especially is that true in the light of the amendment of the statute which was made when the legislature revised and codified the code of criminal procedure in 1929.

At that time, in describing when the jury should ascertain and declare in their verdict the value of the property embezzled, there was introduced into said section the following language: to-wit, "in case the value thereof shall determine the degree of the offense, or shall determine the punishment."

The object and purpose of the legislature, which was apparent before said amendment, is made more apparent by such amendment. The object was to require a finding which would determine the degree of the offense and enable the court to pronounce the sentence required by law; the law having fixed one penalty if the value of the property embezzled was "thirty-five dollars or more," and a lesser penalty if it was "less than thirty-five dollars."

The charge in the indictment in reference to the amount embezzled was that "the exact amount of which is unknown, but which amount was more than $35," and then an approximate amount was stated, and the jury wrote into the verdict that the amount was "over $35.00"

We find nothing in the statute or in the history of the legislation or the decisions of the courts of this state, ▮▮▮▮▮▮ to justify the conclusion that the legislature intended to require the jury to ascertain and declare the value of the property embezzled for the purpose of controlling or influencing the court in the exercise of its discretion in pronouncing sentence within the limits of the penalty prescribed by law for the degree of crime as fixed by the jury, nor for the purpose of questioning the accuracy of the jury as to the exact amount of the embezzlement. In other words, the indictment does not charge an exact amount, and the statute does not require the jury to find an accurately exact amount; and when the jury found, as it did in this case, that the amount was "over $35," it was not prejudicial error for the ▮▮▮▮▮▮ trial court to receive such a verdict and pronounce the sentence provided by law for an embezzlement of "$35 or more."

If the jury believed the witnesses for the state, there was ample evidence to justify the jury in finding as to each charge that the amount embezzled was very much in excess of $35, and, if there was that amount or more than that amount, the crime was a felony, and if any error was committed by the jury in fixing an amount too low, it did not prejudice the defendant.

**Young v State, 44 Oh Ap 1, (12 Abs 679).**

For convenience, we have referred so far only to the evidence concerning embezzlements of moneys which were not received under authority of law but were received under color of office. There was evidence also that many hundreds of dollars were collected in said office for the administration of oaths in said department, the charges for which the statute required the clerk to collect and turn in to the treasury, and which were not accounted for and paid into the treasury; and if the witnesses for the state were believed by the jury, a finding that of such fees. an ▮▮▮▮▮▮ amount far in excess of $35 was received by the defendant and appropriated to his own use, was justified.

Said department was operated wholly at the expense of the public and by those entrusted and paid by the public to operate the same, and the defendant, during his term of office, was the one charged with the duty of establishing a system in the department designed to promote an accurate accounting and paying over to the county of the revenue from the department. Instead of establishing such a system, there was used a system well calculated to facilitate and conceal from the public the diversion from the county to others of a substantial part of the revenue derived from the operation of the department.

190

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.