## STATE v PHILLIPS

Ohio Appeals, 2nd Dist, Darke Co

No 543. Decided June 10, 1938

Hugh A. Staley, Prosecuting Attorney, Greenville, for plaintiff-appellee.

Walter F. Rhynard, Greenville, for defendant-appellant.

### OPINION

By HORNBECK, J.

This is an appeal on questions of law.

The defendant was charged with the offense of burglary and larceny. The indictment, insofar as pertinent to the questions presented recites that,

"one Andrew Phillips, alias Andrew Spiegel, on or about September 27, 1937, at the County of Darke in the night season on the same day * * * a certain building of one Martin Wenning, then and there situate, unlawfully, maliciously, and forcibly

did break and enter into, and unlawfully did steal from the said Martin Wenning merchandise and tools of the value of three hundred ($300) dollars."

The defendant upon arraignment entered a plea of not guilty and thereafter, before trial but without withdrawal of the plea of not guilty, moved the court to quash the indictment because it did not allege the breaking and entering into a building wth the intent to commit a larceny. At the same time motion to quash was filed demurrer was also interposed, raising the same question as urged in the motion. Both motion and demurrer were overruled.

The cause came on for trial, the jury returning a verdict of "Guilty of breaking and entering in the night season and for larceny in manner and form as he stands charged in the indictment." Motion for new trial was filed, assigning, among other grounds therefor, the action of the court on the motion and demurrer. A motion in arrest of judgment was then filed assigning the grounds heretofore stated, that the indictment was bad for duplicity and that the jury found no verdict on the larceny charge because they did not ascertain and declare in their verdict the value of said property. The court overruled this motion and sentenced the defendant.

The errors assigned challenge particularly the action of the trial court in overruling the motion to quash, the demurrer and the motion in arrest of judgment.

It will be noted, first, that the indictment charges the breaking and entering into a certain building without other or further designation; second, does not set out that the breaking and entering was done with the intent to steal property of any value, and third, the verdict does not fix the value of the property stolen.

It is urged that the designation of the word "building" without more particularity failed to apprise the defendant whether or not he was charged with an offense under §12437 GC, which is the section making it an offense to break and enter an inhabited dwelling house with intent to commit a felony, etc., or under §12438, GC, which defines burglary in an uninhabited dwelling or other building.

We are cited to **State v Johnson, 64 Oh St 270,** to effect that:

"General words, following particular words must, as a general rule, be confined to things of the same kind as those specified."

There is no offense to this principle in the form of the indictment. It may be assumed that "building", as used therein relates to the same class and kind of building as those theretofore set forth in §12438 GC. It is apparent that the indictment is drawn under §12438 GC because the sine qua non of an indictment under §12437 GC is that it chrage that the breaking and entering was into an inhabited dwelling house. However, if there is any uncertainty in the form of the indictment now under consideration it was waived by the failure to seasonably request a bill of particulars, as provided by §13437-6 GC. **State v Whitmore, 126 Oh St 381.**

The prosecutor makes some claim that the demurrer coming after a plea of not guilty and without withdrawal thereof, is too late to raise the question as to the insufficiency in substance of the indictment. "If the facts stated in an indictment are insufficient to charge an offense, objection may be raised thereto before trial by motion to quash or demurrer, and, after verdict, by a motion in arrest of judgment." **Stahl v State, 11 O.C.C. 23; State v Yablon, 11 O. Dec. Rep. 569.**

The statute defining burglary and larceny expressly makes intent to commit a felony or to steal something of value a material element of the offense. Being a material element it is fundamental that it must be set out in the indictment if the indictment is to state an offense.

It is urged that inasmuch as the verdict discloses a finding that the defendant did steal something of value after having broken into the building, it is obvious that intent to steal was present. As a factual conclusion this may properly have been drawn by the jury. Obviously, when the defendant converted the property to his own use he then intended to steal. Likewise, the jury might say from that fact, together with other circumstances, that the proof required the inference that he also had that intent to steal when he broke into the building but here we have not reached the place where the question is one of proof but it is one of the sufficiency of the indictment. Clearly the indictment is faulty in a material particular.

In **Ippolito v State, 37 Oh Ap 571,** Goldsmith v State, 13 O.C.C. (N.S.) 148 and in **Daugherty v Dennison, 11 O.C.C. (N.S.)**

13. affirmed in 59 Oh St 593 without opinion, it is held that a failure to charge intent where necessary renders an indictment insufficient in law and that it must be charged in a direct and positive manner.

We are cited to Turner v State, 10 Oh St 425, wherein the court held in an indictment for robbery where there was an averment of actual stealing of the bank notes that the intent to steal named in the statute is necessarily implied. So in this case if the only intent to steal necessary was that which was concomitant with the actual taking of the property the indictment would be sufficient.

It is not necessary to cite and discuss authorities which may be relevant to our question, as we have no doubt of the insufficiency of the indictment. We have examined Hope v State, 3 Oh St 234; Davis v State, 38 Oh St 505; Barnhouse v State, 31 Oh St 39; Hagan v State, 35 Oh St 268; Dillingham v State, 5 Oh St 285; Mann v State, 47 Oh St 561; Lougee v State, 11 Ohio 70; Gatewood v State, 4 Ohio 387; Drake v State, 19 Oh St 221; State v Beal, 37 Oh St 108; and the late case of State v Huffman, 131 Oh St 27, wherein it is said:

"* * * If a sattute defining an offense in Ohio provides that it must be committed with a particular intent, such intent becomes a material element of the offense and must be alleged in the indictment and proved on trial."

The motion in arrest of judgment again properly raises the question of the sufficiency of the indictment respecting the necessity of an averment of intent to steal. It also assigns two other grounds: duplicity and that no verdict on the larceny charge was returned because the jury did not ascertain and declare in their verdict the value of the property stolen. Neither of these latter grounds is properly raised by the motion in arrest of judgment, which are strictly defined by statute, §13450-1 GC. The first ground of this motion in the statute is that "the offense charged is not within the jurisdiction of the court; (2) that the facts stated in the indictment or information do not constitute an offense."

It has been held that even after a plea of guilty either of the grounds set out in the statute on motion in arrest of judgment may be asserted. Carper v State, 27 Oh St 572 and in a nisi prius opinion it was held that upon review the grounds of the motion may be urged for the first time.

Ackerman v City of Lima, 7 N.P. 92.

However, the question as to the effect of the failure of the jury to insert in the verdict the value of the property stolen as provided in §13448-3 GC is clearly raised on the motion for new trial and in the assignments of error.

This failure on the part of the jury constituted an irregularity which would require a reversal of the judgment but would not preclude the re-trial of the charge of larceny. It is so held in Durbin v State, 20 Oh Ap 284, which authority is supported by Armstrong v State, 21 Oh St 357.

The judgment will be reversed and cause remanded for new trial.

BARNES, PJ, and GEIGER, J, concur.