THE STATE OF OHIO, APPELLEE, *v.* SUDEKATUS, APPELLANT.

(No. 3931—Decided January 4, 1943.)

*Mr. Thomas J. O'Connor,* prosecuting attorney, and *Mr. Harry Friberg,* for appellee.
*Mr. James T. Cassidy,* for appellant.

CARPENTER, J. Defendant was indicted, convicted and sentenced to a life term in the penitentiary as an habitual criminal under Section 13744-2, General Code. This appeal on questions of law was taken from that judgment.

The indictment alleged four different convictions of defendant on felony charges, and, in open court, he admitted that he was the defendant in each of them. The first three were clearly offenses enumerated in Section 13744-1, General Code, but all occurred prior to the enactment of the habitual criminal act in 1929.

Three questions are now raised by the defendant in this appeal, and all relate to the fourth conviction alleged which occurred in 1936. The fourth indictment contained two counts. One count charged breaking and entering a store in the daytime with intent to steal, "and certain money of the amount and value of $244.88 of the personal property of said Norman N. Hartman, in the said store then and there being found, then and there unlawfully did steal, take and carry away * * *." The second count charged forcing an entrance into a safe with intent to steal therefrom.

The verdict, omitting the formal beginning, was "guilty as charged in the indictment." The journal entry, recording the sentence, is not in this record, but the judge's docket entry, dated March 28, 1936, is, and it states:

"Defendant, Henry Sudekatus, sentenced to be confined in the Ohio Penitentiary until released according to law and pay all costs of prosecution."

Defendant served under this sentence from April 15, 1936, to June 2, 1941, when he was released to the state of Indiana as a parole violator and there served under a previous sentence until January 28, 1942, when he was released and taken on the indictment herein.

It is now urged that the defendant having served his time under that conviction and the term of court at which that sentence was imposed having passed, the court can not now "vacate" it, as it attempted to do in imposing this sentence, as provided for in Section 13744-3, General Code, and, hence, it is too late to prosecute under the habitual criminal act.

Looking at the whole habitual criminal act, Sections 13744-1, 13744-2 and 13744-3, General Code, it is apparent that it contemplates just such situations as this. The procedural section, Section 13744-3, says, in substance, "If at any time either before or after sentence"

it appears that the defendant had previously been convicted of "felonies as set forth in the two preceding sections," it is the duty of the prosecuting attorney to cause an indictment, charging such convictions, to be returned, and the defendant served with a copy "whether confined in prison or not," and on conviction the court "shall vacate the previous sentence, if sentence has been imposed, deducting from the new sentence all time actually served by the defendant on the sentence so vacated." And "whenever it shall become known to any warden * * * that any person charged with or convicted of a felony has been previously convicted" as in this act provided "it shall be his duty to forthwith report the facts to the prosecuting attorney" of the county of the last charge or conviction.

If the charge is a third conviction under Section 13744-1, General Code, which provides that the sentence for the third offense shall be "the maximum statutory penalty for such offense," the deduction provision has some significance, but when it is a fourth offense and the penalty is life imprisonment, Section 13744-2, General Code, the deduction of the previous sentence is unimportant. However, the lower court, following the direction and exercising the power this statute invested in it, made an order of vacation and deduction in its judgment herein.

The state of New York has an habitual criminal act similar to the Ohio act and under it procedure similar to that herein was followed and approved in *People, ex rel. Fernandez, v. Kaiser, Warden,* 230 App. Div., 646, 246 N. Y. S., 309, affirmed without opinion, *People, ex rel. Fernandez, v. Kaiser, Warden,* 256 N. Y., 581, 177 N. E., 149. In that case the sentence under a third conviction had been completely served, yet the court vacated the previous sentence and imposed the fifteen-year term prescribed in the act. The court said: "The

section does not limit the time within which the procedure prescribed thereby shall be followed.''

It is next urged that the 1936 indictment did not charge a crime enumerated in Section 13744-1, General Code. The state concedes that breaking and entering a store in the daytime, and forcing entrance into a safe, are not so included, but it claims the first count also charges grand larceny which is included in that section.

Defendant contends that the allegations as to larceny merely stated the intent with which the breaking and entering was done and, being all in one transaction, such larceny was not and could not be a separate crime of which he could be convicted.

Section 13437-3, General Code, enacted in 1929, expressly contemplates ''two or more different offenses connected together in their commission'' and provides for their prosecution under one indictment, but in separate counts. This principle is in line with that announced in *Morgan, Warden,* v. *Devine,* 237 U. S., 632, 59 L. Ed., 1153, 35 S. Ct., 712.

This raises a procedural question, the effect of including both charges in one count.

The language of this indictment, hereinbefore quoted, in reference to larceny, contains all of the elements necessary to charge grand larceny. This should have been in a separate count, but a motion to quash might have been directed to that irregularity and would have resulted in its correction. This was not done for the obvious reason that it was not then important to the defendant. Section 13437-7, General Code, provides that ''an indictment * * * * shall not be invalid, and the trial, judgment or other proceedings stayed, arrested or affected by'' certain enumerated defects, and closes with, ''or for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits.'' It is not pointed

out how the failure to state this charge in a separate count prejudiced "the substantial rights of the defendant."

The final complaint is that the verdict, and hence the sentence, did not respond to the charge of larceny. Under Section 13448-3, General Code, when an indictment charges larceny, "the jury, on conviction shall ascertain and declare in their verdict the value of such property." This was not done, and from this record it does not appear on what offenses the court imposed sentence. When the charge is grand larceny, a verdict of "guilty as charged in the indictment" is insufficient and does not meet the requirements of Section 13448-3, General Code. *Durbin* v. *State,* 20 Ohio App., 284, 152 N. E., 194; *State* v. *Dillian,* 23 Ohio Law Abs., 186; *State* v. *Phillips,* 27 Ohio Law Abs., 658.

These decisions followed *Dick* v. *State,* 3 Ohio St., 89, and *Parks* v. *State,* 3 Ohio St., 101, which were murder cases. At that time, what is now Section 13448-2, General Code, was in much the same language now found in Section 13448-3, above quoted. It provided that the jury in a murder case "shall ascertain in their verdict, whether it be murder in the first or second degree, or manslaughter." Swan's Revised Statutes, 275, Section 39. Verdicts of guilty as charged in the indictment were held insufficient.

In addition to the reasoning stated in *Durbin* v. *State, supra,* it is interesting to note the state of the decision law before the enactment in 1869 of what is now Section 13448-3, General Code. In *Barton* v. *State* (1849), 18 Ohio, 221, the court pointed out why the jury, in its verdict on a larceny charge, must find the value of the property stolen, *viz.,* to fix the grade of the larceny. In 1868, in *Schoonover* v. *State,* 17 Ohio St., 294, the court expressly qualified the rule stated in *Barton* v. *State, supra,* and, the indictment charging grand larceny, held that a general verdict of guilty

was sufficient to support a sentence on the grand larceny charge. The next year, in Section 167 of a code of criminal procedure, 66 Ohio Laws, 312, the mandatory language of what is now Section 13448-3, General Code, was adopted. It is obvious that the Legislature thereby intended to overrule the then recent *Schoonover case* rule in this respect and re-establish the rule in the *Barton case.*

The state urges that this defect could be reached only by error proceedings, and cannot be collaterally attacked as is done here. This might be true if there had been a clear sentence on the larceny charge. So far as this record shows, both that verdict and the sentence were in a haze of uncertainty as to the larceny charge. This was a situation that could operate only to the advantage of the defendant. The duty was upon the state, if it sought a conviction of larceny, to see to it that the record was definite in this respect. Two principles of criminal law apply here—the presumption of innocence, and that criminal statutes are to be strictly construed and applied. Further cogent reasons are stated in the *Dick* and *Parks cases, supra,* and will not be repeated here.

The conclusion is that the defendant was not convicted of grand larceny, and the other crimes in the fourth conviction not being enumerated in the habitual criminal act, the judgment is reversed and, as the other three convictions took place before that act was passed, the defendant is discharged.

*Judgment reversed.*

OVERMYER and LLOYD, JJ., concur.