THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD FERNANDEZ, Appellant, v. HARRY M. KAISER, Warden of Clinton Prison, Dannemora, N. Y., Respondent.

Third Department, November 19, 1930.

*James B. McKenna,* for the appellant.

*Hamilton Ward, Attorney-General [John H. Machan, Deputy Assistant Attorney-General,* of counsel], for the respondent.

WHITMYER, J. ·Relator is serving a sentence of fifteen years in a State prison and is seeking release under the claim that his sentence was in violation of article 1, section 6, of the Constitution of the State, as involving a second jeopardy.

On October 5, 1927, while on trial on two charges in the County Court of Erie county, the county judge informed the district attorney that relator had been previously convicted. Thereupon, pursuant to section 1943 of the Penal Law (added by Laws of 1926, chap. 457), the district attorney made and presented an information charging him with two previous convictions for felonies in other States. In addition, he had been convicted in the County Court of Erie county on October 28, 1926, for burglary, third degree, for which the court, on November 5, 1926, imposed a sentence of one year in the Erie County Penitentiary. He had served that sentence, less time off for good behavior. Thereupon the court dismissed the charges under which he was being tried, revoked the sentence of November 5, 1926, and, upon his admission in open court of the previous convictions, sentenced him as a second offender for the term of fifteen years. He claims that he was twice put in jeopardy for the same offense.

Under section 1943 of the Penal Law, if " at any time, either after sentence or conviction," it shall appear that a person convicted of a felony has previously been convicted of crimes, as set forth in section 1941 or 1942 (as amd. by Laws of 1926, chap. 457), it becomes the duty of the district attorney of the county in which such conviction was had to file an information accordingly. Whereupon, the court in which such conviction was had is required to cause the said person, " whether confined in prison or otherwise," to be brought before it and to inform him of the allegations contained in such information and of his right to be tried as to the truth thereof, whereupon, if the jury finds or if he acknowledges or confesses in open court that he is the ·same person, after being duly cautioned as to his rights, the court is required to sentence him to the punishment prescribed in said sections 1941 and 1942, as the case may be, and to vacate the previous sentence, deducting from the new one all time actually served thereunder.

The section does not limit the time within which the procedure prescribed thereby shall be followed. It directs that it shall be followed upon discovery of the facts therein set forth, " at any time,

either after sentence or conviction," and that the prisoner shall then be resentenced, " whether confined in prison or otherwise."

The section is constitutional. (*People* v. *Gowasky,* 244 N. Y. 451, 459, 460.)

The question of second jeopardy remains.

A person is twice put in jeopardy only when he is a second time tried upon a criminal accusation, excluding the reversal of an erroneous judgment and the pronouncement of a legal one, pursuant to one legal conviction. (*Ratzky* v. *People,* 29 N. Y. 124, 135.) The decision in the cited case was approved in *McKee* v. *People* (32 N. Y. 239, 242) and in *People* v. *Bork* (96 id. 188, 200).

In *People* v. *McGrath* (202 N. Y. 445, 454) the court said: " ' It is well settled that an acquittal or conviction by verdict of a jury, although not followed by judgment or sentence, is an acquittal or conviction which protects an accused person against another trial, provided there was a competent court and a lawful indictment or, in case of conviction, so long as the judgment remains unreversed.' "

Relator had served the sentence which was revoked, and it is claimed that the court could not revoke that sentence and impose another in its place, because it had been completed. But that sentence was insufficient in the light of the facts which were discovered after it was imposed and the only question is whether or not the Legislature had the power to require the court to enlarge it so as to make it conform to the requirements of the sections under discussion.

Attention has been called to Ruling Case Law (Vol. 8, §§ 239 and 247). So far as material, section 239 reads as follows: "A person who has been sentenced by a court having jurisdiction of the offense and of the person, and who has served a substantial portion of the time for which he was sentenced, may be resentenced if, on appeal by him, it is determined that the original sentence was unlawful, and such resentence does not put the defendant in jeopardy twice, or constitute a second punishment for the same offense; but if he has suffered the full punishment he cannot be resentenced."

So far as material, section 247 reads as follows: " The ends of justice will not be served by permitting the State, after the sentence of the law has been discharged, to open the case for any purpose, and least of all to insert an additional penalty. To permit this would be like punishing the delinquent the second time for the same offense." But the subject-matter of the former section is " Remand for Proper Sentence " and of the latter "Amendment after Complete or Partial Execution." And neither section deals with the power of the State to direct the correction of a previous

erroneous sentence so as to make it conform to law, after discovery of additional facts, which would have required a greater penalty, if known when sentence was first imposed.

I think that the provisions of the Penal Law which we are considering relate to matters under legislative control and that the Legislature had authority to enact same.

The order should be affirmed.

VAN KIRK, P. J., HINMAN and DAVIS, JJ., concur; HILL, J., dissents on the ground that relator has previously served the full sentence of the court for this crime and has been discharged.

Order affirmed.