289 So.2d 74 (1974)
STATE of Louisiana, ex rel. Willie WILLIAMS
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary.
No. 54061.
Supreme Court of Louisiana.
January 14, 1974.
Dissenting Opinion January 31, 1974.
Rehearing Denied February 15, 1974.
*75 James E. Franklin, Jr., Shreveport, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for defendant-respondent.
DIXON, Justice.
On May 26, 1971 petitioner was sentenced to two and one-half years at hard labor for attempted simple robbery. Defendant appealed and this court affirmed the conviction. Rehearing was denied on June 13, 1972. On August 15, 1972 the Caddo Parish district attorney filed a bill of information charging petitioner with being a fourth felony offender. R.S. 15:529.1. On September 20, 1972 petitioner was discharged by the warden of Angola as having served his sentence under the good time act of 1972. On December 21, 1972 petitioner pleaded guilty to being a third felony offender. The prior sentence was vacated and a sentence of five years at hard labor was imposed with credit for time actually served.
Subsequently petitioner sought habeas corpus relief from the First Judicial District, Parish of Caddo, which was denied without hearing. We granted petitioner's application for writs of certiorari and habeas corpus.
Petitioner alleges that R.S. 15:529.1 is unconstitutional as written, that it is unconstitutional as applied, and that the statute does not permit the enhancement of a sentence that has been served.
We reject the contention that R. S. 15:529.1 is unconstitutional on its face. This statute does not make it a crime to be a multiple offender, but rather merely prescribes that an enhanced penalty be levied against multiple offenders. State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), reversed on other grounds, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409. As an enhancement-of-penalty provision the statute is not unconstitutional as punishing status rather than a crime, nor does it constitute double jeopardy. State v. Jackson, 258 La. 632, 247 So.2d 558 (1971); State v. Vale, supra; Price v. Allgood, 369 F.2d 376 (5th Cir. 1966), cert. denied 386 U.S. 998, 87 S. Ct. 1321, 18 L.Ed.2d 349, rehearing denied, 387 U.S. 939, 87 S.Ct. 2057, 18 L.Ed.2d 1009. We do not find the language of the statute vague or ambiguous.
R.S. 15:529.1 reads in pertinent part:
"D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; ..." (Emphasis added).
We are confronted with the question of whether the language emphasized above means that an enhanced penalty can be imposed after a defendant has served his sentence and after some nineteen months have elapsed since the sentence on the underlying charge. In State v. George, 218 La. 18, 48 So.2d 265 (1950), this court held that the statute permitted an information to be filed and an accused sentenced as a multiple offender even after the original sentence imposed had been served. In George, the re-sentencing procedure was held approximately one month after imposition *76 of the original sentence; however, the defendant had been discharged the same day that he was sentenced, since the time in jail awaiting trial exceeded the sentence imposed. We note that the proceeding under the multiple offender statute was held promptly approximately thirty days after sentence on the underlying charge. George relies on People ex rel. Fernandez v. Kaiser, 230 App.Div. 646, 246 N.Y.S. 309, affirmed, 256 N.Y. 581, 177 N.E. 149, cert. denied 284 U.S. 631, 52 S. Ct. 16, 76 L.Ed. 537, for the interpretation of the statutory language involved. We note that New York has amended its habitual offender statute and now requires that the recidivist proceeding precede imposition of the sentence for the charge which supports it. N.Y.Criminal Procedure Law, McKinney's Consol.Laws, c. 11-A, Sect. 400.20 (1971); N.Y.Penal Law, McKinney's Consol.Laws, c. 40, Sect. 70.10(2) (1967).
The majority of states which have recidivist statutes require that the proceeding be instituted at a specific time or within a specified time limit. Some require that the defendant be charged as a multiple offender in the indictment charging the underlying offense. E. g. Ariz.Rev.Stat.Ann. Section 13-1649; Cal.Penal Code Sections 969, 969a; Georgia Code Ann. Section 27-2511; Indiana Ann.Stat. Section 9-2208, IC 1971, 35-8-8-2; Kentucky Rev.Stat.Ann. Section 431.190; Mass.Gen.Laws Ann. c. 279 Section 25; N.C.Gen.Stat. Section 15-147; Okl.Stat.Ann. 22 § 860; Rhode Island Gen.Laws Ann. Section 12-19-21; Utah Code Ann. Section 76-1-19; Vermont Stat.Ann. 13 § 11. Other states authorize a recidivist proceeding at any time during service of the last sentence. Alaska Stat. Section 12.55.060(a); N.D.Cent.Code Section 12-06-23; Va.Code Ann.Section 53-296. Two states permit institution of the proceeding within two years from the last conviction. Or.Rev.Stat. Section 168.055(1); Pa.Stat.Ann. 18 § 5108(d). The remainder require the proceeding precede imposition of the sentence for the underlying charge. E. g. Del.Code Ann. 11 § 3912; N.J.Stat.Ann. Section 2A:85-13; W.Va.Code Ann. Section 61-11-18, 19.
In Reynolds v. Cochran, 138 So.2d 500 (Fla.1962), that court interpreting a statute similar to ours stated:
"The statutory language used to accomplish this result reads as follows:

"`If at any time after sentence or conviction it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in § 775.09 or § 775.10 the prosecuting attorney * * * shall file an information accusing said person of such previous convictions, whereupon the court * * * shall cause said person, whether confined in prison or otherwise, to be brought before it. * * *' F.S. § 775.11, F.S.A.
"The statutory language of significance is italicized. The State contends that the language used does not limit the time within which the procedure prescribed thereby shall be followed. See People ex rel. Fernandez v. Kaiser, 230 App. Div. 646, 246 N.Y.S. 309, aff. 256 N.Y. 581, 177 N.E. 149, cert. den. 284 U.S. 631, 52 S.Ct. 16, 76 L.Ed. 537; State v. George, 218 La. 18, 48 So.2d 265; State v. Sudekatus, 72 Ohio App. 165, 51 N.E. 2d 22; Little v. Gladden, 202 Or. 16, 273 P.2d 443. In a word it is asserted that the statutory language means that the state is never precluded from proceeding against a second offender, even after he has completed his last sentence and has been at liberty for many years.
"Such an interpretation goes too far. It is not consistent with the theory that recidivist legislation does not create a separate crime but that it merely prescribes an enhanced punishment for the last offense committed. Such a construction of our statutes would require a re-examination of our prior position that these acts do not violate our constitutional guaranties that a person shall not be placed twice in jeopardy for the same offense. We know also that with the available assistance *77 of the Federal Bureau of Investigation and our Florida Sheriffs' Bureau, it is indeed difficult for a felon to conceal a criminal record now. We believe the better view requires a construction which limits the applicability of §§ 775.09 and 775.11 to the period of time during which a convicted felon has not completed the lawful sentence imposed against him for his last felonious offense."
See also, State v. Shank, 115 Ohio App. 291, 185 N.E.2d 63 (1962).
We agree with this rationale.
State v. George, supra, should not be extended beyond its facts. We find that R.S. 15:529.1(D) requires that a proceeding to have a defendant sentenced as a multiple offender must be completed before the defendant serves the sentence which is to be enhanced. Perhaps a literal reading of the language of the statute supports the broader implications of George; nevertheless, other considerations convince us that the present interpretation is to be preferred.
A case must end at some point. Even persons who have been convicted of two or more felonies must be assured, after some passage of time, that the consequences of past criminal acts have abated. The present interpretation of the time limitation in which to institute the proceeding is certainly adequate to permit proper exercise of the prosecutorial function while doing away with the uncertainty of the consequences to an accused fostered by an open-ended interpretation of the statute.
A defendant has a right to a speedy trial. La.Const. Art. 1 § 9 (1921); Sixth Amendment, U.S.Const. The same considerations which underly this constitutional mandate compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement-of-penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed. Cf. C.Cr.P. 874; Hernandez v. Wainwright, 296 F.Supp. 591 (M.D.Fla.1969). Although the best procedure may be to have a single sentencing after conviction, our statute does not require this. See A.B.A. Standards, Sentencing Alternatives and Procedures, § 5.5(b) (approved draft 1968). But it does require at least that the proceeding to enhance sentence be held before an accused has served his sentence.
In the instant case, petitioner was sentenced on May 26, 1971 to serve two and one-half years at hard labor. On August 15, 1972 proceedings were initiated under R.S. 15:529.1 by the filing of a bill of information. Due to the filing of motions and requests for continuances by defense counsel the resentencing procedure was delayed. Petitioner was discharged from custody on September 20, 1972 and was resentenced on December 21, 1972. The proceeding was not held timely and the State was without power to resentence the defendant.
The State contends that the petitioner's plea of guilty to the habitual offender charge waived any right he may have had to contest imposition of the enhanced penalty. Cf. State v. Valentine, 259 La. 1019, 254 So.2d 450 (1971); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). We disagree with this contention. A guilty plea in a recidivist proceeding is sui generis. The defendant is not charged with nor is he pleading guilty to a crime.[1] He is only admitting that he has been convicted of other crimes, thus relieving the State of the necessity to prove the prior convictions. Because of the peculiar nature of an enhancement-of-sentence proceeding, an admission of prior convictions should not have the *78 same effect as a plea of guilty in an ordinary prosecution. By pleading guilty to a bill of information filed under R.S. 15:529.1 an accused is only admitting the allegations contained within the bill. The relator is entitled to discharge under C.Cr.P. 362(2), (4).
For the reasons assigned, the judgment of the district court is vacated and it is ordered that the petitioner be discharged from custody.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents.
SUMMERS, Justice (dissenting).
I cannot subscribe to the discharge of this fourth felony offender. The plain language of the Habitual Offender Law permits an accusation for a previous conviction "at any time, either after conviction or sentence". La.R.S. 15:529.1, subd. D. In addition, the Court's action represents the reversal of a settled construction of the Habitual Offender Law which has prevailed for twenty-four years without change by the Legislature. State v. George, 218 La. 18, 48 So.2d 265 (1950).
In State v. George, id., the defendant had been convicted as a fourth felony offender and had been released from custody when the State filed a bill of information charging him as an habitual offender. In the instant case, the bill of information was filed prior to the defendant's release from custody; it was filed shortly after defendant's conviction was affirmed on appeal and while he was serving his sentence. Thus the facts in the case at bar involve a much shorter interval of time after sentence and make this case stronger than the George Case under the rationale of the majority. The facts of the case at bar also remove it from the category of cases affected by the decision in Reynolds v. Cochran, 138 So.2d 500 (Fla.1962), where the defendant had completed serving his sentence.
In the exercise of its sovereign power the State's Legislature authorized the bringing of this accusation "at any time, either after conviction or sentence", and it is an abuse of this Court's power to refuse to apply the law as written. Habitual offender laws are designed to protect society from the continuing activities of recividist offenders; these laws should be upheld by this Court.
I respectfully dissent.
NOTES
[1] The only issue in a proceeding under R.S. 15:529.1 is the truthfulness of the allegations contained in the bill of information. State v. Roy, 219 La. 97, 52 So.2d 299 (1951); State v. George, supra.