308 So.2d 752 (1975)
STATE of Louisiana
v.
Enoch F. McQUEEN, Jr.
No. 55528.
Supreme Court of Louisiana.
February 24, 1975.
*753 William B. Owens, Crowell, Owens & Tudor, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., L. Paul Gianfala, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
On September 1, 1970 defendant, Enoch F. McQueen, Jr. was charged by a Bill of Information alleging that he had committed simple burglary on August 27-28, 1970. He was tried and found guilty as charged on October 30, 1970 and was sentenced to 9 years at hard labor on December 14, 1970. On appeal this Court affirmed his conviction and sentence. 278 So.2d 114 (La.1973), rehearing denied June 11, 1973.
Three years eight months after sentencing, and before the defendant had completed his term of imprisonment, the District Attorney for Rapides Parish, on July 30, 1974, "double billed" the defendant; that is, he filed a Bill of Information accusing the defendant of previous felony convictions, asserting that he should be "sentenced in conformity with the provisions of La.R.S. 15:529.1." The defendant filed a Motion to Quash this Bill of Information on the ground that it had not been timely filed, coming as it did some three years and eight months after his original sentence. The trial court refused to quash the information, and found the defendant to be a third offender (the State had elected to proceed only on two April 28, 1966 convictions, one for burglary and one for carnal knowledge.) The sentence imposed on December 14, 1970 was vacated and a new sentence of eighteen years at hard labor imposed.[1]
The defendant has appealed this sentence relying on three Assignments of Error to obtain relief. We find merit in Assignments 1 and 3.
*754 These two Assignments are based on the same issues, that the State did not timely institute the enhancement of penalty proceedings. Assignment No. 1 was from the pre-trial denial of the Motion to Quash. Assignment No. 3 was to the ruling during trial that the proceedings had been timely instituted.
The defendant directs our attention to State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974) wherein we held that R.S. 15:529.1 did not permit an indefinite lapse of time prior to the Multiple Offender enhancement proceedings. The holding there was that the proceeding after the completion of the term of incarceration was unduly delayed, and the enchanced penalty imposed was vacated.
The State argues that since Williams prohibited the imposition of the enhanced penalty only after the defendant had completed his sentence for the involved offense, the Multiple Offender proceedings may therefore be filed at any time prior to completion of the earlier imposed sentence.
Williams did not establish a period in which proceedings under R.S. 15:529.1 could be had. It only established a point after which no such proceedings would be allowed. Williams leaves unanswered whether there is any other time limitation upon the institution of Multiple Offender proceedings.
The pertinent part of the statute is subsection D of R.S. 15:529.1:
"D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction.

Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated." (Emphasis added)
The above emphasized language does not allow the district attorney to file a multiple offender information at any time. Rather, the district attorney may file the multiple offender information at any time it becomes known that the defendant has a prior felony record. No provision of the statute permits an indefinite delay in proceeding thereunder once it has come to the district attorney's attention that a defendant has previously been convicted of a felony.
We explained in Williams:
"A case must end at some point. Even persons who have been convicted of two or more felonies must be assured, after some passage of time, that the consequences of past criminal acts have abated ...
"A defendant has a right to a speedy trial. La.Const. Art. 1, § 9 (1921) [Art.

*755 1, § 16 (1974)]; Sixth Amendment, U. S.Const. The same considerations which underly this constitutional mandate compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement-of-penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed. Cf. C.Cr.P. 874...." 289 So.2d at 77.
The statute does not allow an indefinite time in which the district attorney may file the multiple offender bill once the necessary information is available. Nor, however, does it impose a specific prescription period in which the district attorney must act upon the receipt of the necessary information."[2]
An examination of the statute and our prior interpretations of that statute leads us to the conclusion that Article 874 controls.
In State v. Rowell, 306 So.2d 668 (La. 1975), No. 55,315 on our docket, decided January 20, 1975, this Court held that a multiple offender hearing deals only with the sentencing of a defendant.
Article 874 of the Code of Criminal Procedure requires that "Sentence shall be imposed without unreasonable delay." The sanction for unreasonable delay, intimated in the redactor's comment c to the article, is to divest the trial court of jurisdiction to sentence the defendant:
"(c) The federal courts, applying Rule 32(a) have held that unreasonable delay in sentencing divests the trial judge of his power to impose sentence. Mintie v. Biddle [8 Cir., 15 F.2d 931], supra; 97 A.L.R. 802. Some recent decisions, in states having a fixed period within which sentence must be imposed, have treated the time limits as directory, rather than mandatory or jurisdictional. State v. Anderson, 12 N.J. 461, 97 A.2d 404 (1953). Such holdings have the effect of reducing the prompt sentence requirement to a pious platitude. It is probable and logical that the requirement of this article will be construed, in line dence, as imposing a mandatory duty, with the federal and majority jurispru-with non-compliance resulting in the *756 trial judge losing his sentencing power. As is pointed out in Comment (b), the supreme court is not likely to impose this sanction of release from custody except in cases of extreme and clearly unjustified delay." (Emphasis added).
While the comment implies that a delay in sentencing is the fault of the trial judge, the article requires simply that "Sentence shall be imposed without unreasonable delay." In the realm of Multiple Offender proceedings, a sentencing procedure only, the District Attorney may be the person responsible for the delay in sentencing where he desists from filing the Multiple Offender information for an unreasonably lengthy period of time after obtaining the necessary information. In such situations Article 874 applies.
Turning to the facts of the instant case, we note that the prior record of the defendant was known to law enforcement authorities in Rapides Parish (the very convictions took place in Rapides Parish). Also the defendant was recognized immediately by one of the deputies who arrested him on the burglary charge as a convicted felon. See State v. McQueen, 278 So.2d 114, 117 (La.1973).
The State has made no attempt to explain the delay, simply relying upon the ostensible authority under the statute to file the Multiple Bill at any time.
We find R.S. 529.1 requires the Multiple Offender Bill to be filed within a reasonable time after the necessary information is available to the appropriate district attorney; that the failure of the district attorney to file the Multiple Offender Bill within a reasonable time after having the necessary information is not sanctioned by the statute, and is prohibited by C.Cr.P. Art. 874; that an unreasonable delay in filing the Multiple Offender Bill divests jurisdiction to have the defendant sentenced as a Multiple Offender; and that the unexplained delay of three years eight months under the facts of this case is unreasonable.
We hold that the trial court erred in denying the Motion to Quash and in vacating the duly imposed sentence of December 14, 1970.
The sentence imposed on September 12, 1974 is therefore declared void and the earlier vacated sentence of December 14, 1970 is ordered reinstated.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents with written reasons.
SANDERS, Chief Justice (dissenting).
On June 11, 1973, the conviction of the defendant for burglary became final when this Court denied a rehearing. On July 30, 1974, thirteen months later, while defendant was serving his nine-year sentence, the State filed a Bill of Information, charging him as an habitual offender because of prior convictions of burglary and carnal knowledge. After finding that the prior convictions had been established, the trial judge enhanced the sentence to eighteen years. Today, the majority holds that the Bill of Information charging the defendant as an habitual offender was not timely filed. I disagree.
LSA-R.S. 15:529.1, the Habitual Offender Law, clearly provides that the proceedings can be instituted "at any time, either after conviction or sentence." Hence, we have repeatedly held that the proceeding may be instituted after the offender has begun to serve his sentence for his last conviction. See, e. g., State v. Hingle, 242 La. 844, 139 So.2d 205 (1961); State v. Rodman, 208 La. 523, 23 So.2d 204 (1945); State v. Guidry, 169 La. 215, 124 So. 832 (1929).
The decision in State ex rel. Williams v. Henderson, La., 289 So.2d 74 (1974), relied on by the majority, held only that the resentencing procedure could not be conducted after the basic sentence had already been completed. To allow resentencing after the expiration of the basic sentence *757 would violate the theory that this is an enhancement of a viable sentence, rather than a prosecution for a separate crime. Hence, that case is inapposite.
If, however, the statute does not provide that the proceeding can be brought at any time during service of the basic sentence, the statute then contains no time limitation. It is well established that, in the absence of a statutory time limit, a criminal proceeding may be instituted at any time. State v. Ferrie, 243 La. 416, 144 So.2d 380 (1962); 21 Am.Jur.2d, Criminal Law, § 154, p. 222.
Hence, as I view the case, the statute expressly authorizes the filing of this habitual offender proceeding. It is timely, because the statute so states. In the event, however, that the statute is not explicit on the subject, the proceeding is nonetheless timely, because no statutory time limit has been fixed for it.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by Mr. Chief Justice Sanders.
NOTES
[1] The defendant contended that he was only proven to be a second offender because the two 1966 convictions did not qualify as two separate convictions under the statute. See State ex rel. Jackson v. Henderson, 283 So. 2d 210 (La.1973). The trial court stated that the question was moot as the sentence actually imposed was proper for either a second or third offender. This question was the subject of defendant's Fourth Assignment of Error which has not been presented on this appeal.
[2] There are numerous prescribed time limitations governing criminal proceedings. Under time limitations on the institution of prosecution C.Cr.P. Art. 571 et seq. apply:

"Art. 571. Capital crimes; no time limitation
"There is no time limitation upon the institution of prosecution for any crime for which the death penalty may be imposed."
"Art. 572. Limitation of prosecution of noncapital offenses
"No person shall be prosecuted, tried, or punished for an offense not punishable by death unless the prosecution is instituted within the following periods of time after the offense has been committed:
"(1) Six years, for a felony necessarily punishable by imprisonment at hard labor;
"(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor;
"(3) Two years, for a misdemeanor punishable by a fine or imprisonment or both; or
"(4) Six months, for a misdemeanor punishable only by a fine or forfeiture."
Once the prosecution has been timely instituted there are time limits within which trial shall commence:
"Art. 578. General rule
"Except as otherwise provided in this Chapter, no trial shall be commenced:
"(1) In capital cases after three years from the date of institution of the prosecution;
"(2) In other felony cases after two years from the date of institution of the prosecution; and
"(3) In misdemeanor cases after one year from the date of institution of the prosecution.
"The offense charged shall determine the applicable limitation."
With respect to sentencing, Article 874 mandates.
"Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the supreme court."