788 So.2d 561 (2001)
STATE of Louisiana
v.
William ANDERSON.
No. 01-KA-158.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 2001.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry Boudreaux, David P. Wolff, Assistant District Attorneys, Gretna, LA, Counsel for State.
J. Rodney Baum, Baton Rouge, LA, Counsel for defendant-appellant.
Court composed of Judges EDWARD A. DUFRESNE, SOL GOTHARD, and CLARENCE E. McMANUS.
McMANUS Judge.
On appeal, the Defendant challenges the trial court's denial of his motion to quash the multiple offender bill of information. For the reasons that follow, we find that the trial court did not abuse its discretion in denying the Defendant's motion. The multiple offender adjudication and enhanced sentence are hereby affirmed.

STATEMENT OF THE CASE
The Defendant, William Anderson, was charged with armed robbery, in violation of LSA-R.S. 14:64. On February 2, 1998, the Defendant was arraigned and entered a plea of not guilty. On that same day, the State amended the bill of information to charge co-Defendant, Billie R. Perkins, *562 with armed robbery, in violation of LSA-R.S. 14:64.[1]
On May 18, 1998, the State again amended the bill of information to charge both men with second degree kidnapping, in violation of LSA-R.S. 14:44.1. The Defendant, William Anderson, pled not guilty to the charge of kidnapping. On June 3, 1998, the Defendant withdrew his former pleas of not guilty to both of the charges and pled guilty to both charges. After accepting his guilty pleas, the trial judge sentenced the defendant to 15 years at hard labor on the second degree kidnapping charge and 30 years at hard labor on the armed robbery charge, without benefit of parole, probation, or suspension of sentence.
On March 17, 1999, the State filed a multiple offender bill of information alleging that the Defendant was a third felony offender. The Defendant denied the allegations of the multiple offender bill of information. On January 6, 2000, the trial court denied the Defendant's motion to withdraw his guilty plea. That same day, defense counsel filed a motion to quash the multiple offender bill of information, which was also denied. After the multiple offender hearing, the trial court found that the State proved the Defendant was a third felony offender. The trial court then vacated the Defendant's original sentence for armed robbery and sentenced him to life imprisonment without benefit of parole, probation or suspension.

FACTS
In this case, the Defendant's conviction resulted from a guilty plea so the facts of the underlying incident were not presented in the record. In the multiple offender bill of information, the State alleged that the Defendant had previously pled guilty on August 6, 1990, to simple rape, a violation of LSA-R.S. 14:43. The State also alleged that on November 5, 1993, the Defendant pled guilty to arson with intent to defraud, in violation of LSA-R.S. 14:53. As stated above, the trial court adjudicated the Defendant a third felony offender and sentenced him accordingly.

ASSIGNMENT OF ERROR
As his sole assignment of error, the Defendant contends that the trial court erred by denying his motion to quash the multiple offender bill of information. The Defendant argues that the State failed to act with reasonable diligence to bring the multiple offender proceeding against him. The Defendant claims that he was prejudiced by this delay because for two years, he did not know "the full consequences of his verdict" and his appeal was "held up." He asks this Court to vacate the trial court's ruling finding him to be a multiple offender and reinstate his original sentence.
LSA-C.Cr.P. art. 874 states that a sentence shall be imposed without unreasonable delay.[2] Louisiana's Habitual Offender *563 statute, LSA-R.S. 15:529.1, does not impose a specific prescriptive period. However, the State must file the multiple offender bill of information within a reasonable time after the prosecution knows that a defendant has a prior record. State v. McQueen, 308 So.2d 752 (La.1975). The rationale is based squarely upon a defendant's constitutional right to a speedy trial and to know the full consequences of the verdict within a reasonable time. Any conclusion as to what constitutes a reasonable time must be determined on a case-by-case basis. State v. Broussard, 416 So.2d 109, 110-111 (La.1982); State v. Conrad, 94-232 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1063, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345.
In this case, the Defendant's underlying guilty plea was entered on June 3, 1998 and the multiple offender bill of information was filed on March 17, 1999, ten months after his conviction. On January 6, 2000, the trial court conducted a multiple offender hearing and found the Defendant was a third felony offender, approximately nineteen months after his underlying conviction and ten months after the multiple offender bill of information was filed.
The Defendant was notified by the State of its intent to file a multiple bill on June 3, 1998, when he pled guilty to the underlying offense. The minute entry dated June 3, 1998 indicates, "A multiple bill hearing is set for July 23/1998 [sic]." Additionally, during the guilty plea colloquy the trial court specifically informed the Defendant that the State intended to file a bill of information alleging that he was a multiple felony offender. The trial judge also informed the Defendant that if he were found to be a second felony offender he would be sentenced to 49½ years, and if he were found to be a third felony offender he would be sentenced to life imprisonment. Therefore, the Defendant had notice, even before he pled guilty to the underlying offense that he would be multiple-billed and the consequences that would result if the State successfully proved that he was either a second or third felony offender.
The record reflects that the State requested eighteen continuances between the defendant's conviction and the multiple offender hearing and the defense requested one continuance during that time frame. Importantly, the Defendant failed to appear for sixteen of the scheduled hearings.
At the January 6, 2000 hearing on the Defendant's motion to quash the multiple offender bill, the State explained that the delays prior to filing the multiple offender bill of information were caused by difficulty obtaining properly certified copies of the Defendant's predicate convictions and arrest registers from a parish "across the lake." The State also stated that the delays in proceeding after the multiple bill was filed were caused by the failure of the Department of Corrections to transport either or both of the Defendants to court.
In denying both Defendants' motion to quash, the trial court stated as follows:
All right, the court is well aware of the multiple bills that were filed against Mr. Anderson and Mr. Perkins, and in fact they have been continued on a number of occasions. The court finds that on each occasion that they were continued, that the continuance was appropriate and that it was granted by the court for a valid basis. We never had all of the parties here. We either were missing an attorney, missing the defendants, we couldn't get the latent print experts here for valid reasons, not just that they *564 didn't want to proceed with the multiple [sic] hearing, but there were valid reasons for not proceeding. The court finds that there's no prejudice to Mr. Anderson or Mr. Perkins by reason of those delays. The motion to quash is denied with regard to both Defendants.
In support of his argument, the Defendant cites State v. Broussard, supra, the seminal case on this issue. In Broussard, the district attorney filed the multiple offender bill of information thirteen months after the defendant's original sentence, which was about three months prior to the date defendant became eligible for parole. The necessary information about the defendant's prior felony convictions was available to the district attorney at the time of the defendant's original sentencing because the convictions were obtained in the same parish during his tenure in office. Moreover, the district attorney offered no justification for its delay in instituting the multiple offender proceeding. The supreme court held, "Under these circumstances, we do not consider that the district attorney acted reasonably in delaying the institution of the habitual offender proceedings." Broussard, 416 So.2d at 111.
State v. Broussard, supra, is distinguishable from the present case. In Broussard, the district attorney was aware of the defendant's previous convictions at the time he was originally sentenced but failed to institute multiple offender proceedings for thirteen months. In the present case, the State notified the Defendant before he pled guilty to the underlying charge that it intended to institute multiple offender proceedings if it could obtain the necessary paperwork. Further, in Broussard, the district attorney failed to offer justification for its delay. Whereas, in the present case the State enumerated several justified reasons for the delay.
The question presented here is whether the delay in conducting the multiple offender hearing was unreasonable. The record indicates that even before he tendered his guilty plea, the Defendant was on notice that the State would file a multiple offender bill of information. While the State did request numerous continuances, delays in the multiple offender adjudication may also be attributed to the Defendant who did not appear for 16 scheduled hearings. Moreover, the Defendant's claim that he did not know the full consequences of his verdict lacks merit because the trial judge informed him during the plea colloquy for his underlying guilty plea that if he were found to be a second felony offender, his sentence would be forty nine and one-half (49½) years at hard labor. The trial judge further informed him that if he were found to be a third felony offender, his sentence would be life imprisonment. Finally, although the Defendant contends that his appeal was "held up," he does not explain how that alleged delay prejudiced him.

CONCLUSION
Considering the above, we find that the ten to nineteenth-month delay, although significant, was not unreasonable. Accordingly, we hold that the trial court did not abuse its discretion in denying the Defendant's motion to quash. The record was also reviewed for errors patent according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975). The review reveals no errors patent in this case. The multiple offender adjudication and enhanced sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] In separate appeals, the Defendants seek review of the enhanced sentences imposed after they were found to be multiple offenders.
[2] In State v. McQueen, 308 So.2d 752 (La. 1975), the Louisiana Supreme Court reasoned, "[LSA-R.S. 15:529.1] does not allow an indefinite time in which the district attorney may file the multiple offender bill once the necessary information is available. Nor, however, does it impose a specific prescription period in which the district attorney must act upon the receipt of the necessary information." Id. at 755. The supreme court held, "In the realm of Multiple Offender proceedings, a sentencing procedure only, the District Attorney may be the person responsible for the delay in sentencing where he desists from filing the Multiple Offender information for an unreasonably lengthy period of time after obtaining the necessary information. In such situations, Article 874 applies." Id. at 756.