43 So.3d 1090 (2010)
STATE of Louisiana
v.
Antonio RAINEY.
No. 2009-KA-1510.
Court of Appeal of Louisiana, Fourth Circuit.
July 21, 2010.
Leon A. Cannizzaro, Jr., District Attorney of Orleans Parish, Nisha Sandhu, Matthew Caplan, Assistant District Attorneys of Orleans Parish, New Orleans, Louisiana, for State of Louisiana.
Sherry Watters, Louisiana Appellate Project, New Orleans, Louisiana, for Antonio Rainey.
*1091 (Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
JAMES F. McKAY III, Judge.

STATEMENT OF CASE AND FACTS
On September 11, 2003, the State of Louisiana charged Antonio Rainey by bill of information with one count of violating La. R.S. 40:967(B)(1), possession with intent to distribute cocaine. On October 1, 2003, the defendant appeared before the trial court for arraignment and pled not guilty to the charge. On October 17, 2003, the defendant waived his right to present pre-trial motions, and the trial court set the matter for a November 12, 2003 trial.
After several resettings of the trial, necessitated by the defendant's failure to appear for trial, the defendant elected to file several pre-trial motions. Specifically, on November 18, 2004, the trial court found probable cause and denied the defendant's motion to suppress evidence and motion to suppress identification, and found sufficient probable cause to substantiate the charge after conducting a preliminary hearing.
After several additional continuances, trial in this matter took place on March 17, 2005. Prior to trial, the defendant elected to have his case tried before the judge. At trial, the State introduced testimony from one witness and introduced two exhibits. After closing arguments, the trial court found the defendant guilty of attempted possession of cocaine.
The defendant waived delays and requested immediate sentencing. The trial court sentenced the defendant to serve two years hard labor with the Department of Corrections, suspended, and ordered to serve two years active probation. Additionally, the trial court also ordered the defendant to get a job, enter and complete a GED program, and pay several fines. An April 22, 2005 notation from the trial court's collections agent states that the defendant had failed to pay the required fines and fees. Accordingly, the trial court issued an alias capias for the defendant's arrest. On June 21, 2005, while the defendant was still at-large, the State requested that the trial court set a multiple-bill hearing. Accordingly, the trial court set a multiple-bill hearing for August 11, 2005. On August 11, 2005, the defendant failed to appear for the multiple-bill hearing, and the trial court again issued an alias capias for the defendant's arrest. The multiple-bill hearing was continued until October 6, 2005.
The next minute entry, from April 14, 2009, indicates that the defendant appeared in court without counsel, and the trial court recalled the alias capias and reset the multiple-bill hearing for May 1, 2009. The hearing on the State's multiplebill was continued several times. On July 28, 2009, the defendant filed a motion to quash the State's multiple-bill. On September 11, 2009, counsel for the State and the defendant argued the merits of the defendant's motion to quash before the trial court, which granted the motion to quash at the close of the hearing. We note that the record in this matter does not contain a copy of the multiple-bill or any service information. The record does not support an inference that the State ever filed a multiple-bill with the clerk of court's office.
Lastly, the State filed a motion for appeal on September 30, 2009. The record in this matter was lodged with this Court on November 9, 2009. The State filed its appellate brief with this Court on December 18, 2009. The defendant filed his opposition brief with this Court on January 5, 2010.

*1092 DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1
In its sole assignment of error, the State appeals the trial court's quashing of its multiple-bill of information against the defendant on timeliness grounds. La. C.Cr.P. art. 874, which provides that a sentence shall be imposed without unreasonable delay, governs the time within which the State shall file a multiple offender bill of information. State v. McQueen, 308 So.2d 752, 755 (La.1975). Under La. R.S. 15:529.1 D(1)(a), a multiple-bill may be filed against a defendant who has been convicted of a felony "at any time, either after conviction or sentence." While La. R.S. 15:529.1 does not establish a time limit for multiple offender proceedings, the jurisprudence holds that a multiple offender bill must be filed within a reasonable time after the State learns the defendant has prior felony convictions. State v. Muhammad, 2003-2991, p. 14 (La.5/25/04), 875 So.2d 45, 55. This rationale is based upon a defendant's constitutional right to a speedy trial and to know the full consequences of the verdict within a reasonable time. State v. Anderson, 2001-158, p. 3 (La.App. 5 Cir. 5/16/01), 788 So.2d 561, 563. Any conclusion as to what constitutes a reasonable time must be determined on a case-by-case basis. Id.
The jurisprudence provides that there are four factors for courts to consider in determining whether a defendant's right to a speedy trial has been violated. State v. Reaves, 376 So.2d 136, 138 (La. 1979). Those factors are the length of the delay, the reasons for the delay, the accused's assertion of his right to speedy trial, and the prejudice to the accused resulting from the delay. Id. The Supreme Court has noted that while these factors are neither definitive nor dispositive in the context of a habitual offender proceeding, they are instructive. Muhammad, 2003-2991 at 15, 875 So.2d at 55.
In Muhammad, the Louisiana Supreme Court overruled State ex rel. Williams v. Henderson, 289 So.2d 74 (La. 1974), to the extent that it established a bright line rule that multiple offender proceedings must be completed before the defendant satisfies his sentence on the underlying felony. The Muhammad Court held that an evaluation of the circumstances surrounding the multiple offender proceedings should be conducted on a case by case basis. Muhammad, 2003-2991 at 13, 875 So.2d at 54. The Court further noted that an important factor in deciding whether the multiple offender bill of information was timely filed requires a determination of when the State acquired the knowledge that the defendant was a multiple offender. Id. at 14, 875 So.2d at 55.
In Muhammad, the Court also expressly noted that "[t]here are two concepts at issue in this case-the timely filing of a multiple offender bill of information and the timely hearing or completion of the proceeding." Id. at 16, 875 So.2d at 56. In Muhammad, the original multiple offender bill of information was filed on the date of the defendant's sentencing, which was before he was released from custody. Due to a series of events, including remands following two appeals, defendant was not finally adjudicated a multiple offender until four months after his sentence completion date. Id. The primary issue was whether or not the multiple offender adjudication was timely completed. The Court found that the State did not unduly or unreasonably delay in completing the multiple offender proceedings, noting "[d]efendant was never released from prison only to have the State thereafter file enhancement proceedings." Id. at 17, 875 So.2d at 56.
*1093 In the instant case, the primary issue is whether or not the multiple-bill was timely filed. However, as noted, the record in this matter does not contain a copy of the multiple-bill. While the defendant's motion to quash identifies his alleged prior conviction, there is no evidence to suggest that the State's multiple-bill was ever filed. Based on the record before this Court, we cannot confirm whether or not the trial court had at its disposal a copy of the multiple-bill at the time of the defendant's motion hearing. Accordingly, it is impossible to evaluate the State's timeliness arguments on their merits because the record does not reveal the time of the multiple-bill's filing. Likewise, the absence of the multiple-bill in the record prevents this Court from delving into the circumstances surrounding the present multiple offender proceeding. Absent a copy of the multiple-bill, the record does not reveal when the State acquired the knowledge that the defendant was a multiple offender. Accordingly, based on the record before this Court, it is impossible for us to evaluate the State's arguments.

CONCLUSION
Therefore, we reverse the trial court's judgment quashing the multiple-bill and remand the matter for an evidentiary hearing to resolve the outstanding issues raised by this appeal, reserving the parties' rights to appeal any adverse ruling.
REVERSED AND REMANDED.
BELSOME, J., dissents with reasons.
As noted by the majority opinion, the record before us is missing essential documents that would aid us in evaluating the State's appeal. Therefore, we cannot make a determination that the trial court abused its discretion in quashing the multiple bill. Accordingly, I would affirm the trial court's ruling.