' ROBERT A. CHAISSON, Judge.
Rln this appeal, defendant, Willie J. Ellison, Jr., challenges his multiple offender adjudication and sentence. For the reasons that follow, we set aside defendant’s adjudication and sentence as a fourth felony offender, enter judgment adjudicating defendant a third felony offender, and remand the matter to the trial court with instructions to resentence defendant as a third felony offender. In addition, we affirm defendant’s sentence, as amended, on count two, and remand the matter to the trial court with instructions to correct the commitment, in accordance with that amendment, and to advise defendant of the prescriptive period for filing post-conviction relief applications.

PROCEDURAL HISTORY

On October 31, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession with intent to distribute heroin, in Lviolation of LSA-R.S. 40:966(A) (count one), and possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967(A) (count two). On August 23, 2010, defendant pled guilty as charged, and sentencing was set for September 22, 2010. Defendant was advised on August 23 that if he appeared for sentencing on September 22 and reported to the home incarceration office, he would receive two concurrent fifteen-year sentences as a second felony offender. He was further ad *865 vised that if he did not appear for sentencing on September 22, he would be multiple billed as a fourth felony offender and would be facing a sentence of fifty years to life imprisonment. Defendant verbally indicated that he understood those conditions. In addition, the waiver of rights form showed that defendant waived his rights and acknowledged the above terms and conditions of his guilty pleas.
Despite the warnings of the prosecutor and the trial judge, defendant did not comply with the terms of the plea agreement. He did not report to the home incarceration office, and he did not appear for sentencing on September 22. On September 28, 2010, defendant filed a motion to withdraw his guilty pleas, which was denied that same day. The trial judge thereafter sentenced defendant to thirty years imprisonment on count one and twenty years imprisonment on count two, to run consecutively. On September 28, 2010, the State filed a multiple offender bill of information alleging defendant to be a fourth felony offender, but later withdrew it.
On October 29, 2010, defendant filed an untimely motion to reconsider sentence and an untimely motion for appeal. Defendant’s motion for appeal was granted, and his appeal was lodged in this Court under case number ll-KA-377. Thereafter, on October 19, 2011, defendant filed in this Court an “Unopposed Motion to Remand Instant Case for Expedited Consideration as an Out of Time Appeal.” On October 28, 2011, this Court ordered that case number ll-KA-377 be |4remanded to the district court for consideration as an out-of-time appeal. Defendant filed a motion for out-of-time appeal on November 4, 2011, that was granted on November 7, 2011.
On appeal, defendant argued that the trial judge erred by denying his motion to withdraw his guilty pleas. This Court found that the trial court did not err in denying defendant’s motion to withdraw his guilty pleas; however, it did err in failing to sentence defendant in conformity with the plea agreement, since the fifty-year sentence was the result of two consecutive underlying sentences and not the result of the State’s filing a multiple bill alleging him to be a fourth felony offender. As such, this Court vacated defendant’s sentences and remanded the matter for proceedings consistent with its opinion. State v. Ellison, 12-910 (La.App. 5 Cir. 6/27/13), 121 So.3d 139, writ denied, 13-1829 (La.2/14/14), 132 So.3d 411.
On October 16, 2013, pursuant to this Court’s remand, the trial judge resen-tenced defendant to imprisonment for fifteen years in the Department of Corrections on each of the two counts, to run concurrently.[1] Thereafter, on October 22, 2013, the State filed a second multiple offender bill of information alleging defendant to be a fourth felony offender. In response, defendant filed a notice of objections to the multiple bill.[2] In that notice, defendant argued that the multiple offender bill should be quashed because the time period for filing the multiple bill had expired. Defendant noted that the original bill of information charging the narcotics offenses had been filed in 2007, that he had *866 agreed upon a fifteen-year sentence on August 23, 2010, and that he had already served over forty ^percent of his sentence. He argued that the State created multiple hurdles which delayed his appeal and that the State filed the multiple offender bill as the result of his successful appeal. After a hearing on February 10, 2014, the trial judge found that the filing of the multiple offender bill was timely and accordingly denied defendant’s motion to quash.
On March 13, 2014, the trial court conducted a hearing on the. allegations contained in the multiple offender bill of information and thereafter took the matter under advisement. On May 22, 2014, the trial judge found defendant to be a fourth felony offender, vacated the original sentence on count one, and resentenced defendant to imprisonment for thirty years without benefit of parole, probation, or suspension of sentence, to run concurrently with the original fifteen-year sentence on count two. On that same date, defendant filed a motion to reconsider sentence that was denied. Defendant now appeals.

ASSIGNMENT OF ERROR NUMBER ONE

On appeal defendant first argues that the trial court erred by denying his motion to quash the multiple offender bill of information. He contends that the delay associated with the multiple offender adjudication was unreasonable considering that the State knew about his criminal history for years and chose not to act. He further contends that this delay was purely attributable to the State and that the State only refiled the multiple offender bill because he was successful on appeal.
In response, the State asserts that the delay in filing was not unreasonable under the circumstances of this case. Further, the State asserts that the refiling of the multiple bill was not based on vindictiveness, but rather, it was a prerequisite to achieving the sentencing objective of the plea agreement after defendant failed to register for home incarceration and appear for sentencing.
| fiLSA-C.Cr.P. art. 874 provides that a sentence shall be imposed without unreasonable delay. Under LSA-R.S. 15:529.1(D)(l)(a), a multiple bill may be filed against a defendant who has been convicted of a felony “at any time, either after conviction or sentence.” While LSA-R.S. 15:529.1 does not establish a time limit for habitual offender proceedings, the jurisprudence holds that a multiple offender bill must be filed within a reasonable time after the State learns the defendant has prior felony convictions. State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45, 55. This rationale is based upon a defendant’s constitutional right to a speedy trial and to know the full consequences of the verdict within a reasonable time. State v. Anderson, 01-158 (La.App. 5 Cir. 5/16/01), 788 So.2d 561, 563.
Speedy trial concerns require that multiple offender proceedings also be completed in a timely manner. The Muhammad court stated, “Abusive or vindictive delay should not be tolerated. The longer the State delays filing and is responsible for postponing completion of the habitual offender proceeding, the more likely it is that the delay will be charged against the State.” State v. Muhammad, 875 So.2d at 55. The Louisiana Supreme Court, overruling State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), found that there is no bright line deadline by which a multiple offender proceeding must be completed. State v. Muhammad, 875 So.2d at 56. Any conclusion as to what constitutes a reasonable time must be determined on a case-by-case basis. State v. Anderson, 788 So.2d at 563.
*867 As a general matter, the Louisiana Supreme Court has set forth four factors for courts to consider in determining whether a defendant’s right to a speedy trial has been violated. Those factors are the length of the delay, the reasons for the delay, the accused’s assertion of his right to speedy trial, and the prejudice to the 17accused resulting from the delay. While these factors are neither definitive nor dis-positive in the context of a multiple offender proceeding, they are instructive. Muhammad, 875 So.2d at 55.
In addition to claiming there was an unreasonable delay in the State’s filing of the multiple offender bill, defendant also alleges that the State only refiled the multiple bill because defendant was successful on appeal. The defendant bears the burden of proving prosecutorial vindictiveness. In determining whether there has been prosecutorial vindictiveness, the court examines the State’s actions in the context of the entire proceeding. If, to a reasonable mind, the filing of the habitual offender bill can only be explained by a desire to deter or punish the defendant’s exercise of legal rights, the events in the case will create a presumption of vindictiveness. State v. Darensbourg, 06-572 (La.App. 5 Cir. 12/27/06), 948 So.2d 1128, 1132.
The district attorney has the discretionary power to charge a defendant under the habitual offender law just as he has the initial unlimited power to prosecute “whom, when, and how” he chooses. State v. Dorthey, 623 So.2d 1276, 1279 (La.1993); LSA-C.Cr.P. art. 61. The district attorney’s use of the habitual offender laws “provides an ancillary sentencing factor designed to serve important and legitimate societal purposes.” The use of the habitual offender law alone does not create a presumption of prosecutorial vindictiveness. State v. Orange, 02-711 (La.App. 1 Cir. 4/11/03), 845 So.2d 570, 578, writs denied, 03-1352 (La.5/21/04), 874 So.2d 161, and 03-2195 (La.7/2/04), 877 So.2d 137.
After considering defendant’s arguments and in light of the procedural history of this case, as set forth herein, we find that the delay in the filing of the multiple offender bill was not unreasonable and did not prejudice defendant. In | saddition, we find that defendant failed to prove prosecutorial vindictiveness in the refiling of the multiple offender bill.
Defendant was aware on August 23, 2010, that if he did not appear for sentencing on September 22, 2010, the prosecutor would file a multiple offender bill alleging him to be a fourth felony offender and that he would be facing a sentence of fifty years to life imprisonment. In fact, the State filed a multiple bill on September 28, 2010, but withdrew it apparently because defendant had already received a fifty-year sentence. Once this Court vacated the two consecutive sentences totaling fifty years because the sentences were not the result of a multiple bill, and the trial judge resen-tenced defendant to two concurrent fifteen-year sentences, the State refiled the multiple bill on October 22, 2013, in order to ensure that defendant would receive what the prosecutor considered to be proper sentences.
Further, it appears that the delay in refiling the multiple bill was not unreasonable as it was due primarily to the appellate process, which defendant and the State both had the right to participate in. Also, it was not incumbent upon the State to file a multiple bill during the appellate process in the event it was unsuccessful on appeal. See State v. Carter, 32,733 (La.App. 2 Cir. 10/27/99), 746 So.2d 711, writ denied, 99-3336 (La.5/5/00), 761 So.2d 542 (where the appellate court found that the delay was not unreasonable, the prosecu *868 tor’s actions were not vindictive or malicious, and the delay did not prejudice the defendant, in a case where the appellate court vacated the sentence and remanded for resentencing and the State filed a multiple bill in order to ensure the defendant received what the prosecutor considered to be a proper sentence); State v. Dauzart, 07-15 (La.App. 5 Cir. 5/15/07), 960 So.2d 1079, writ denied, 07-1269 (La.12/14/07), 970 So.2d 532 (where this Court vacated the defendant’s convictions 19and sentences, the defendant was convicted a second time of only one count, and the State filed a multiple bill to ensure that the defendant would receive what the prosecutor considered to be a proper sentence).
Accordingly, based on the foregoing reasons, we find that the trial court did not err in denying defendant’s motion to quash the multiple offender bill of information.

ASSIGNMENT OF ERROR NUMBER TWO

Defendant next argues that the trial judge erred by finding him to be a fourth felony offender. Specifically, he contends that the previous conviction from Orleans Parish, case number 384-932, should not have been used as a predicate in the multiple offender bill because the plea colloquy of that conviction established that he was not advised of, nor waived, his right against self-incrimination. Defendant further contends that the plea form and the minute entry pertaining to that conviction were not sufficient to meet the State’s burden under State v. Shelton, 621 So.2d 769 (La.1993), because the trial judge at the time made no reference at all to that plea form during the colloquy. We find merit to defendant’s arguments.
To prove a defendant is a habitual offender, the State must initially prove the prior felony convictions and that the defendant is the same person who was convicted of the prior felonies. State v. Shelton, 621 So.2d 769, 779-80 (La.1993); State v. Thomas, 06-654 (La.App. 5 Cir. 1/16/07), 951 So.2d 372, 378, writs denied, 07-464 (La.11/21/07), 967 So.2d 1153; 08-2267 (La.06/19/09), 10 So.3d 726. The State must also prove that the prior convictions fall within the ten-year cleansing period prescribed by LSA-R.S. 15:529.1(C). State v. Guillard, 04-899 (La.App. 5 Cir. 4/26/05), 902 So.2d 1061, 1072, writ denied, 05-1381 (La.1/13/06), 920 So.2d 233.
1 inWhen the State relies on a prior conviction that is based on a guilty plea to prove the defendant’s habitual offender status and the defendant denies the habitual offender bill, the State’s burden of proof is governed by Shelton, supra. Under Shelton, it is initially the State’s burden to prove: 1) the existence of the prior guilty pleas and 2) that the defendant was represented by counsel when the pleas were taken. If the State satisfies that burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant makes such showing, the burden of proving the constitutionality of the plea shifts to the State. This burden is met if the State produces a “perfect” transcript of the guilty plea, i.e., one which reflects a colloquy in which the judge informed the defendant of, and the defendant waived, his right to trial by jury, his privilege against self-incrimination, and his right of confrontation. State v. Shelton, 621 So.2d at 779-80.
If the State introduces anything less than a “perfect” transcript, such as a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge must weigh the evidence submitted by each party to determine whether the State has met its burden of proving the prior guilty plea was “in *869 formed and voluntary, and made with an articulated waiver of the three Boykin rights.” Shelton, 621 So.2d at 780.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights that are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers. State v. Davis, 03-488 (La.App. 5 Cir. 11/12/03), 861 So.2d 638, 642, writ denied, 03-3401 (La.4/2/04), 869 So.2d 874. Under Boykin, the decision to plead guilty will not be considered voluntary unless, at the very least, the defendant has been advised of his privilege In against self-incrimination and his rights to a trial by jury and confrontation. The record must also show the defendant freely and voluntarily waived those rights. State v. Payton, 04-1024 (La.App. 5 Cir. 1/11/05), 894 So.2d 362, 365.
In the instant case, the transcript of the plea colloquy in case number 384-932 shows that defendant was not advised of his privilege against self-incrimination. However, the waiver of rights form shows that defendant was advised of his privilege against self-incrimination and waived it,, which is evidenced by his initials next to that privilege and his signature on that form, along with the signatures of his attorney and the trial judge. Nevertheless, the trial judge did not refer to that form at any time during the plea colloquy.
The State cites several cases in support of its position that the plea form and the transcript constituted sufficient evidence to show that defendant knowingly waived his privilege against self-incrimination. However, those cases are distinguishable as there was at least some reference in the transcript to the waiver of rights form or the fact that defense counsel had reviewed the rights form with the defendant. For example, in State v. Jones, 13-98 (La.App. 5 Cir. 9/4/13), 125 So.3d 1169, the transcript showed that prior to the colloquy, defense counsel told the trial court that he had completed the waiver of rights form with the defendant. See also State v. Dunn, 390 So.2d 525 (La.1980); State v. Hebert, 02-884 (La.App. 5 Cir. 12/30/02), 838 So.2d 30; and State v. Cole, 04-615 (La.App. 5 Cir. 3/1/05), 900 So.2d 15.
In this case, the transcript from defendant’s predicate plea reflects that the trial court did not advise defendant of his privilege against self-incrimination. The transcript further reveals that the trial judge did not refer to the waiver of rights form at any time during the plea colloquy. As such, we find that the predicate conviction in case number 384-932 cannot be used to enhance defendant’s |12sentence since the transcript does not show that defendant was advised of and waived his right against self-incrimination prior to entering his guilty plea.
Accordingly, we set aside defendant’s adjudication as a fourth felony offender, enter judgment adjudicating defendant a third felony offender,[3] and remand the matter to the trial court for resentencing.[4]

ERRORS PATENT REVIEW

We have conducted an errors patent review of defendant’s resentencing proceedings on remand from this Court, according *870 to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review of the record reveals that the trial court improperly restricted benefits when sentencing defendant for his possession with intent to distribute cocaine conviction (count two). The transcript from October 16, 2013, indicates that the trial court sentenced defendant to fifteen years without benefit of probation or suspension of sentence. There is a subsequent April 15, 2014 nunc pro tunc minute entry that showed defendant’s sentence on count two was to be served without benefit of parole, probation, or suspension of sentence. In any event, LSA-R.S. 40:967(B)(4)(b) provides that the first two years of the sentence shall be served without benefit of parole, probation, or suspension of sentence. Accordingly, we- amend the sentence on count two to delete the restrictions on benefits on all but two years of the fifteen-year sentence, and in accordance with this amendment, we direct the trial court to correct the commitment to reflect that only the first two years shall be served without benefit of parole, probation, or | ^suspension of sentence. We further remand this matter and direct the clerk of the trial court to transmit the original of the corrected commitment to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department. See State v. Richard, 12-310 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La.12/2/13), 126 So.3d 497.
We further note that the trial court, pursuant to our remand instructions, failed to advise defendant of the two-year prescriptive period for filing an application for post-conviction relief under LSA-C.Cr.P. art. 930.8. As such, we again direct the trial court, upon resentencing, to advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922.
Accordingly, we set aside defendant’s adjudication and sentence as a fourth felony offender, enter judgment adjudicating defendant a third felony offender, and remand the matter to the trial court with instructions to resentence defendant as a third felony offender. In addition, we affirm defendant’s sentence, as amended, on count two, and remand the matter to the trial court with instructions to correct the commitment, in accordance with that amendment, and to advise defendant of the prescriptive period for filing post-conviction relief applications.

SENTENCE ON COUNT TWO, AFFIRMED AS AMENDED; FOURTH FELONY OFFENDER ADJUDICATION SET ASIDE; ADJUDICATION AS A THIRD FELONY OFFENDER ENTERED; REMANDED

. The sentence on count one was ordered to be served without benefit of parole, probation, or suspension; and the sentence on count two was ordered to be served without benefit of probation or suspension. It is noted that the record contains a nunc pro tunc minute entry from April 15, 2014, which shows that the sentence on count two was to be served without benefit of parole, probation, or suspension.

. We note that the substance of the notice of objections filed by defendant was, in effect, a motion to quash the multiple offender bill of information.

. It is noted that defendant does not challenge any of his other predicate convictions.

. See State v. Fletcher, 01-809 (La.App. 5 Cir. 2/26/02), 811 So.2d 1010, 1014, where this Court set aside the defendant’s adjudication as a third felony offender, entered judgment adjudicating the defendant a second felony offender, and remanded to the trial court for resentencing without the necessity of the State filing a new bill of information.