BROWN, C.J.
| i Defendant, Damion Billups, has appealed from his conviction for DWI, 3rd offense, and one-year hard labor sentence. We affirm the conviction and sentence.

Facts and Procedure

On March 28, 2013, a Louisiana State Trooper observed defendant driving 72 mph in a 55 mph zone on Louisiana Highway 165 in Ouachita Parish. The trooper stopped defendant and observed that he appeared to be intoxicated. After conducting field sobriety tests, the trooper concluded that defendant was intoxicated and arrested him for DWI. Defendant declined blood or breath alcohol testing.
On May 21, 2013, the Ouachita DA charged defendant with DWI, 3rd offense. The bill alleged that defendant; had two prior convictions for DWI: the first was in Monroe City Court on October 9, 2008; and the second was in that same court on May 3, 2010.
Defendant filed a motion to quash the bill, arguing that his May 3, 2010, conviction could not be used as a predicate offense because the guilty plea underlying that conviction was constitutionally defective.
The trial judge heard and denied the motion to quash. No transcript of that hearing was requested, and thus, no transcript is included in the appellate record.
On May 26, 2015, defendant appeared for trial and, after some deliberation with his attorney, chose to enter a Crosby[1] plea to, DWI, 3rd offense, in exchange for an agreed-upon sentence of one year imprisonment | gat hard labor without benefits, the minimum allowed by law. Defendant has appealed.

Discussion

In the 2010 guilty plea, defendant was charged in a single bill of information with violating five provisions of the Monroe Criminal Code:
— 33.2.58 — Careless Operation;
— 12.181 — Resisting, an Officer;
— 12.181.B.2 — Resisting an Officer by Violence;
— 33.2.415 — Driving With a Revoked or Suspended License;
— 33.10.C — DWI, Second Offense.
At the outset of the 2010 hearing, the prosecutor explained the plea agreement:
Your Honor, the DWI Second will be amended to”a DWI First Offense. And he’ll also be pleading to the Resisting-General. The careless operation will be dismissed. Also the resisting by violence and driving with suspension will be dismissed.
The transcript shows that defendant was represented by counsel. The judge, the Honorable Tammy Lee, started the colloquy:
Judge: Okay. Mr. Billups, you’d like to enter pleas of guilty to the DWI First Offense, and the careless op-did you say eare-no, resisting officer-general?
Defense counsel: That’s correct.
The judge then -engaged defendant in this exchange:
*1127 Judge: Has anyone forced you to plead guilty to this charge?
Billups: No, ma’am.
IsJudge: Are you pleading guilty because you are, in fact, guilty?
Billups: Yes, ma’am.
Judge: Do you understand that if you were-not entering a plea of guilty on today, that you have a right'to-a trial ■ by judge in this matter?
Billups: Yes, ma’am.
Judge: Do you understand that if you were not entering a plea of guilty, that at your trial, no one can make you testify?
Billups: Yes, ma’am.
Judge: Do you also understand that if you were to proceed to trial, that .your ⅛ attorney ... could bring witnesses here to testify on your behalf?
Billups:' Yes, ma’am.
Judge: And do you also understand that if you were to proceed to trial, that if the City Prosecutor’s office were to bring witnesses here'to testify against you, that your attorney could ask ' those same witnesses questions?
Billups: Yes, ma’am.
Judge: However, since .. you are not going to trial on today but you are pleading guilty, are you giving up all of 'the rights that you would have if you were to proceed to trial?
Billups: Yes, ma’am.
Defendant informed the judge that he had an 11th grade education, could read, write and speak English, and had no questions for his attorney. He agreed with the court’s question asking whether he did “in fact take in an -alcoholic beverage and thereafter operate a motor vehicle within the City of 14Monroe” and admitted that he had “a couple of beers” before driving his vehicle.
No mention was made of any factual basis for the offense; of resisting an officer; indeed, that offense was not mentioned again during the colloquy after the initial 'discussion, of the plea.-. The., trial court imposed, a single sentence of three months imprisonment in jail, suspended in favor of three months supervised probation, and a fine of $750. After pleading guilty, defendant completed a guilty plea form which also reflects full advice about and waiver of his rights.[2] •
Defendant’s motion to quash the 2013 DWI 3rd offense bill alleged that'in the 2010 plea proceeding:
— The trial court failed to define DWI and the consequences of a plea such as the minimum and maximum sentence;
— The trial court failed to explain what a trial consists of;
— The trial judge failed to explain the privilege against self-incrimination;
—" The trial judge failed to explain the right to compulsory process; .
— The trial judge failed to explain the right to confrontation;
— The trial judge failed to explain the state’s burden of proof;
— There was no recitation of a factual basis;
—7 No chemical test was given to defendant, who only admitted to having “a *1128 couple of beers,” and the trial judge’s failure to | ¿inquire further might have led to a trial rather than a guilty plea.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, the trial judge must have informed defendant that, by pleading guilty, he' waived his privilege against compulsory self-incrimination, his right to trial and jury trial where it is applicable and his right to confront his accuser. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Jones, 404 So.2d 1192 (La.1981). See also State v. Carlos, 98-1366 (La.07/07/99), 738 So.2d 556. Further, the record must show that after being so informed, defendant knowingly and voluntarily waived these rights. State v. Juniors, 03-2425 (La.06/29/05), 915 So.2d 291, cert. denied, Juniors v. Louisiana, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006).
La. C. Cr. P. art. 556 imposes additional requirements for certain misdemeanor pleas, but outside of the core Boy-kin requirements, the court’s failure to strictly comply with the dictates of this article is subject to harmless error analysis. La. C. Cr. P. art. 556(D); State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158.
As the Louisiana Supreme Court explained:
[TJhis Court has stressed that neither Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor the Court’s implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), sets out a “magic- word formula” which may “serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea.... ” State v. Bowick, 403 So.2d 673, 675 (La.1981).
\ State v. Mendenhall, 06-1407 (La.12/08/06), 944 So.2d 560.
In the 2010 plea, the trial judge advised defendant of his right to trial by informing him that if he was not entering a plea of guilty, he had the right to a trial by judge. That is complete and fully correct advice; defendant was not entitled to a jury trial. La. C. Cr. P. art. 779; see also La. C. Cr. P. art. 493.1.[3]
The court advised defendant of his privilege against compulsory self-incrimination by ensuring that he was not being forced to plead guilty, by asking him if he understood that “if you were not entering a plea of guilty, that at your trial, no one can make you testify?” and by telling him that he was giving up these rights by pleading guilty. Again, this was sufficient to apprise defendant of his 5th Amendment privilege. See, e.g., the discussion in State v. Honeycutt, 41,601 (La.App.2d Cir.02/28/07), 953 So.2d 914, and State v. Stewart, 32,942 (La.App.2d Cir.03/01/00), 754 So.2d 395. See also State v. Hunt, 573 So.2d 585, 587-88 (La.App. 2d Cir.1991):
In order to effectively waive the constitutional right against self-incrimination, a defendant who pleads guilty must be advised of his right to remain silent at trial. A defendant does not have to be advised that he has a right “to stand mute and refuse to enter a plea of any nature at the Boykin examination.” State v. Richard, 550 So.2d 300 (La.App. 2d Cir.1989); State v. White, 517 So.2d 461 (La.App. 1st Cir.1987), writ denied.
*1129 Finally, the trial court advised defendant of his right to confront his accusers by informing him that if the case proceeded to trial, defendant’s attorney would have the right to question the state’s witnesses against him. 17This is adequate plain-language advice to this defendant, who was represented'by counsel, about the right of confrontation. As the court explained in State v. Mendenhall, supra at 560 (quoting Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)):
The main and. essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.
Thus, the transcript of the 2010 proceeding shows that the trial court adequately advised defendant of the three core Boy-kin rights, and that défendánt knowingly and intelligently waived these rights when he pled guilty. The record from the 2010 proceeding shows that defendant was represented by counsel when he pled guilty and throughout these proceedings. The colloquy as a whole reflects a sufficient inquiry by the trial court and response from defendant concerning his fundamental rights. There was no need for the trial court to further explain what a trial consists of, the state’s burden of proof or further inquire into the factual basis for the plea to this simple offense.

Conclusion

Because the record of the 2010 guilty plea demonstrates adequate Boykin advice and waiver, it was properly used as a predicate offense in defendant’s most recent conviction. Damion Billups’ conviction and sentence .are affirmed.

. State v. Crosby, 338 So.2d 584 (La.1976).

. This record contains a waiver form signed by defendant that explains the rights he was waiving. However, in this case the transcript plainly shows that defendant filled out the waiver form after the trial court accepted defendant's plea. The colloquy does not reflect that the court or defendant’s attorney discussed or reviewed the waiver form prior to the entry of the plea. Cf. State v. Ellison, 14-790 (La.App. 5th Cir.02/25/15), 168 So.3d 862. Thus, this form should carry little weight in the determination of the validity of this plea.

. No penalty was imposed for the violation of "resisting an officer-general,” and the offense was not mentioned during the plea.