Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,398-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA             Appellee

versus

CARNELIUS HOLMES             Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 21-CR-31373

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT      Counsel for Appellant
By: Christopher A. Aberle

CHARLES BLAYLOCK ADAMS         Counsel for Appellee
District Attorney

LEA R. HALL, JR.
RHYS E. BURGESS
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before THOMPSON, ROBINSON, and ELLENDER, JJ.

**THOMPSON, J.**

Carnelius Holmes stole two firearms from two different vehicles, was arrested, and eventually pled guilty to two counts of simple burglary. At his plea hearing, the trial court advised him of the rights that he would be giving up by pleading guilty, including his right "to testify on your own behalf if you so choose." After entering his guilty plea, he never showed up for his scheduled sentencing hearing and remained at large for almost three years, until he was arrested for a different crime. When he was brought back before the court for sentencing on the simple burglary charges, the trial court, noting the nature of his crime included the theft of firearms and his unlawful freedom for the prior three years, sentenced him to the maximum sentence of 12 years of hard labor on each count of simple burglary. The trial court generously ran each count concurrently and suspended four years of the sentence, effectively crafting an 8-year sentence for Holmes. The defendant appealed, now arguing that (1) his guilty plea was not knowingly and intelligently given because he was not specifically advised of his right to remain silent, and (2) his sentence is excessive. As Holmes elected to plead guilty, there was no trial, and he did not testify. For the reasons set forth in more detail below, we affirm both his convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

Carnelius Holmes ("Holmes") was charged[1] with two counts of simple burglary, in violation of La. R.S. 14:62, for stealing firearms out of two vehicles.[2] Holmes pled guilty, and the trial court ordered a pre

---

[1] February 2, 2021
[2] December 27, 2020

sentence investigation ("PSI").[3] Prior to his guilty plea, Holmes was advised by the trial court that he had the right to a jury trial, the right to confront witnesses against him, and the "right to testify on your own behalf if you so choose." The trial court confirmed with Holmes' defense counsel that counsel had explained all of Holmes' rights prior to his guilty plea. Holmes pled guilty and a sentencing hearing was set.[4]

Holmes did not appear for his sentencing hearing, and the trial court issued a bench warrant for his arrest. Holmes remained at large for three years, until he was arrested on other charges. When Holmes appeared before the court after his arrest, the trial court, after reviewing the PSI, sentenced Holmes to 12 years at hard labor on each count of simple burglary, with four years suspended on each count, with the sentences to run concurrently.[5] Holmes made a motion to reconsider the sentences based on his lack of criminal history, and the trial court denied the motion. This appeal followed.

## ASSIGNMENTS OF ERROR

Holmes asserts two assignments of error:

**First Assignment of Error: The trial court failed to advise Mr. Holmes of all of his *Boykin* rights.**

**Second Assignment of Error: Mr. Homles' maximum sentences-12 years of imprisonment on his 2 convictions-were excessive.**

## DISCUSSION

**First Assignment of Error: The trial court failed to advise Mr. Holmes of all of his *Boykin* rights.**

---

[3] August 23, 2021
[4] November 15, 2021
[5] October 14, 2024

In the first assignment of error, Holmes contends that his conviction should be vacated because his guilty plea was not freely, intelligently, and voluntarily made in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Specifically, Holmes argues that the trial court failed to properly inform him of his right to remain silent and that a jury could not use that silence against him.

Review of the record reveals that the trial court did not specifically inform the defendant that he had a right to remain silent at the time of his guilty plea, which, no doubt, is preferrable. However, the record includes the following exchange:

> **The Court**: Okay. You understand that, when you're charged with committing a crime, you're entitled to certain rights? Those include the right to maintain your plea of not guilty and have a trial in front of a judge or jury, where the State would have to prove your guilt beyond a reasonable doubt. At that trial, you'd have the right to assistance of an attorney, a right to confront and cross-examine witnesses, the right to subpoena witnesses to testify on your behalf, and **the right to testify on your own behalf if you so choose**. If you're found guilty after a trial, you'd have the right to appeal that conviction. You understand, by pleading guilty, you're giving up those rights?
>
> **The Defendant**: Yes, sir.

(emphasis added). The record further reflects that the trial court asked Holmes' attorney if he had a chance to speak with him and advise him of all of his rights, and Holmes' trial attorney affirmed that they had spoken of his rights and that Holmes knew that he was giving up those rights by pleading guilty. The following exchange is reflected in the record:

> **The Court**: Okay. And, Mr. Eades, you've had a chance to speak with Mr. Holmes and advise him of all of his rights, and you believe he understands what he's doing today?
>
> **Mr. Eades**: Yes, Your Honor.

We find that the trial court sufficiently advised Holmes of his privilege against compulsory self-incrimination.  As this Court has noted previously in *State v Billups*, 50,497 (La. App. 2 Cir. 2/24/16), 188 So. 3d 1124, *quoting State v. Hunt*, 573 So. 2d 585 (La. App. 2 Cir. 1991):

> In order to effectively waive the constitutional right against self-incrimination, a defendant who pleads guilty must be advised of his right to remain silent at trial.  A defendant does not have to be advised that he has a right to 'stand mute and refuse to enter a plea of any nature at the *Boykin* examination.'

*See also State v. Honeycutt*, 41,601 (La. App. 2 Cir. 02/28/07), 953 So. 2d 914.  The Louisiana Supreme Court has stated that decisions regarding pleas should be "decided from the totality of the circumstances whether the plea has been free and voluntary and made with an intelligent understanding of the consequence.  No express requirement that a specific articulation of specific constitutional rights are sacramental." *State v. Smith*, 375 So. 2d 1328 (La. 1979).

Here, the transcript of the guilty plea hearing shows that the trial court adequately advised Holmes of his *Boykin* rights and that Holmes knowingly and intelligently waived these rights when he pled guilty.  The record reflects that Holmes was represented by counsel when he pled guilty and throughout these proceedings.  The colloquy as a whole reflects a sufficient inquiry by the trial court and response from Holmes regarding his fundamental rights.  Holmes' counsel also confirmed reviewing with Holmes each of his rights and confirmed for the court that Holmes was aware of his rights and was entering a guilty plea with full knowledge of what he was doing.  This assignment of error is without merit.

**Second Assignment of Error:  Mr. Homles' maximum sentences-12 years of imprisonment on his 2 convictions-were excessive.**

In his second assignment of error, Holmes contends that his maximum sentences on his two convictions were excessive. He argues that he is a 30-year-old, first felony offender and that the 12 years of imprisonment are excessive and serve no purpose.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749; *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Dowles, supra*. There is no requirement that specific matters be given any particular weight at sentencing. *Dowles, supra*.

Second, the court must determine whether the sentence is constitutionally excessive. *Dowles, supra*. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the

5

offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and such sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *Dowles*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Id.* Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Id.* As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. *State v. Taylor*, 41,898 (La. App. 2 Cir. 4/4/07), 954 So. 2d 804.

Holmes pled guilty to two counts of simple burglary, which is defined as the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, moveable or immovable, or any cemetery, with the intent to commit a felony or any theft therein. La. R.S. 14:62(A)(1). The maximum sentence for simple burglary is 12 years with or without hard labor. La. R.S. 14:62. The trial court imposed the maximum 12-year sentence on each count, to be run concurrently, with four years suspended. While the

sentencing provisions exposed Holmes to 12 years on each count, for a potential 24-year sentence (if ordered to be served consecutively), Holmes actually received the equivalent of a total of an 8-year sentence when considering the concurrent nature of the sentences and suspension of 4 years on each.

We find the trial court adequately considered La. C. Cr. P. art. 894.1 for sentencing. The trial court considered several factors provided in Article 894.1 on the record, including both aggravating and mitigating factors. The trial court specifically noted the fact that Holmes had absconded for almost three years after pleading guilty but prior to his sentencing. Prior to the imposition of the maximum sentence, the court also noted that these simple burglary charges included the theft of firearms by Holmes, which the court stated made the crimes more serious as stolen firearms are generally used in the commission of further crimes.

The trial court imposed sentences well within the statutory limits, and kindly allowed those sentences to be served concurrently. Considering the seriousness of burglaries where firearms were stolen and the fact that Holmes evaded sentencing for almost three years, the imposition of the maximum is not a purposeless and needless infliction of pain and suffering. The trial court acted within its discretion in imposing the concurrent maximum sentences, with four years suspended and credit for any time served. These sentences are not excessive, and this assignment of error also lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm Carnelious Holmes' convictions and sentences.

**AFFIRMED.**

7